## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRTICT OF TENNESSEE
## EASTERN DIVISION

PATRICK D. PERRY; JUSTIN BRYANT;
THOMAS CODY NAYLOR,
CHERI BAKER, CHRIS WILKERSON;
MICHAEL HATCH, and
ETHAN VASQUEZ on behalf of
themselves and all others similarly situated,

      Plaintiffs,

vs.                                                          No.    <u>19-1106</u>
                                                                    JURY DEMANDED

HARDEMAN COUNTY GOVERNMENT,
HARDEMAN COUNTY COMMISSION,
HARDEMAN COUNTY SHERIFF'S OFFICE,
and JIMMY SAIN, Individually

      Defendants.

## COMPLAINT

COME NOW Plaintiffs by and through their attorneys, William C. Sessions and Heaton and Moore, P.C., and for their Complaint state and allege the following:

Patrick D. Perry, Justin Bryant, Thomas Cody Naylor, Cheri Baker Chris Wilkerson, Michael Hatch and Ethan Vasquez (collectively "Plaintiffs") bring this action against the Defendants on behalf of themselves and other employees and former employees similarly situated, and file this Complaint against Defendants, Hardeman County Government, Hardeman County Commission, Hardeman County Sheriff's Office and Jimmy Sain, Individually (hereinafter "Defendants") and state as follows:

1.    This case arises under the Fair Labor Standards Act, as amended, (29 U.S.C. §201, et seq., hereinafter called the "FLSA") and Tennessee law to recover unpaid back wages,

overtime wages, an additional equal amount of liquidated damages, front pay, obtain declaratory relief, and reasonable attorney's fees and costs.

## PARTIES

2.    Plaintiff Patrick D. Perry, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Perry was an investigator for the Hardeman County Sheriff's Office.

3.    Plaintiff Justin Bryant, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Bryant was an investigator for the Hardeman County Sheriff's Office.

4.    Plaintiff Thomas Cody Naylor, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Naylor was a deputy sheriff for the Hardeman County Sheriff's Office.

5.    Plaintiff Cheri Baker, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Baker was a dispatcher for the Hardeman County Sheriff's Office.

6.    Plaintiff Chris Wilkerson, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Wilkerson was a deputy sheriff for the Hardeman County Sheriff's Office.

7.    Plaintiff Michael Hatch, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Hatch was a deputy sheriff for the Hardeman County Sheriff's Office.

8.    Plaintiff Ethan Vasquez, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Vasquez was a deputy sheriff for the Hardeman

County Sheriff's Office.

9.      Defendant Hardeman County Government (the "County"), is a political subdivision organized and existing under the laws of the State of Tennessee. The County may be served through its chief executive officer, Mayor Jimmy Sain, at 100 North Main Street, Bolivar, Tennessee, 38008.

10.      Defendant Hardeman County Commission (the "Commission"), is a political subdivision organized and existing under the laws of the State of Tennessee. The Commission may be served through its chief executive officer, Mayor Jimmy Sain, at 100 North Main Street, Bolivar, Tennessee, 38008.

11.      Defendant Hardeman County Sheriff's Office (the "Sheriff"), is a political subdivision organized and existing under the laws of the State of Tennessee. The Sheriff's Office may be served through its director, John Doolen, at 505 South Main Street, Bolivar, Tennessee, 38008.

12.      Defendant, Jimmy Sain, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Defendant Sain was the mayor of Hardeman County and can be served at 100 North Main Street, Bolivar, Tennessee, 38008.

13.      At times relevant hereto, Defendants regularly held and/or exercised the authority to hire and fire deputies/agents/officers/dispatchers of Hardeman County Sheriff's Office.

14.      At times relevant hereto, Defendants regularly held and/or exercised the authority to determine the work schedules for the deputies/agents/officers of Hardeman County Sheriff's Office.

15.      At times relevant hereto, Defendants regularly held and/or exercised the authority to control the finances and operations of the Hardeman County Sheriff's Office.

16.    By virtue of having regularly exercised that authority to: (a) hire and fire deputies/agents/officers/dispatchers of Hardeman County Sheriff's Office; (b) determine the work schedules for the deputies/agents/officers/dispatchers of Hardeman County Sheriff's Office; and/or (c) control the finances and operations of Hardeman County Sheriff's Office, Defendants are an employer as defined by 29 U.S.C. 201, *et seq.*

17.    At all times material hereto, Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

18.    The additional persons who may become Plaintiffs in this action are/were Hardeman County Sheriff's Deputies and dispatchers, who held similar positions to Plaintiffs and who worked in excess of forty (40) hours for dispatchers and forty-three (43) hours for sheriff deputies, during one or more weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours and/or forty-three (43) hours.  As well as, not having been compensated for accrued compensatory time and/or vacation time and/or sick time.

## JURISDICTION AND VENUE

19.    Plaintiffs bring this claim individually and as part of a collective action, under the FLSA, 29 U.S.C. § 216(b) on behalf of other employees of Defendants who were denied overtime compensation in violation of the Fair Labor Standards Act. The collective action claims are for overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

20.    Plaintiffs bring this action to redress failure to pay overtime in violation of the Fair Labor Standards Act, as amended, (29 U.S.C. §201, et seq., hereinafter called the "FLSA") and Tennessee law to recover unpaid back wages, minimum wages, overtime wages, an

additional equal amount of liquidated damages, front pay, interest, obtain declaratory relief, and reasonable attorney's fees and costs.

21.    The Court has personal jurisdiction over Plaintiffs, who are residents of Hardeman County, Tennessee and the Defendants, who do business in the State of Tennessee and reside in the State of Tennessee.

22.    This Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

23.    Venue also lies in the Western District of Tennessee, Eastern Division pursuant to 28 U.S.C. § 1391, as the Defendants may be found in this judicial district as they do business in this district, and the facts and circumstances which give rise to the causes of action contained in this Complaint occurred in Hardeman County and this judicial district.

24.    This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

25.    Plaintiffs are present and former employees of Defendants and throughout their employment with Defendants, were covered employees under the FLSA.

## INTRODUCTION

26.    Plaintiffs bring this claim individually and as part of a collective action, under the FLSA, 29 U.S.C. § 216(b) on behalf of other employees of Defendants who were denied overtime compensation in violation of the Fair Labor Standards Act. The collective action claims are for overtime compensation, liquidated damages, interest, and attorney's fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

## STATEMENT OF FACTS

27.    Plaintiffs bring this cause of action on behalf of themselves as authorized under 29 U.S.C. § 216(b).

28.    Plaintiffs are/were employed by Defendants as non-exempt Sheriff deputies and/or dispatchers of the Hardeman County Sheriff's Office.

29.    Up to January 25, 2019, the work week for employees of Defendants began at 12:01 a.m. on Sunday and ended at 12:00 o'clock midnight on Saturday each week. Beginning January 25, 2019, defendants changed the employee's work week to beginning at 12:01 a.m. Saturday and ends at 12:00 o'clock midnight on Friday of each week.

30.    Defendants did not correctly calculate the Plaintiffs pay under the Federal Fair Labor Standards Act for the timeframe during which the employer adopted a different work week.

31.    Plaintiffs Perry, Bryant, Naylor, Baker and Vasquez were denied their correct overtime payment because of Defendants miscalculation when Defendants changed the employee workweek.

32.    Plaintiff Perry began his employment with Defendants on or around September 1, 2010 as a deputy sheriff. Plaintiff Perry's applicable rate of pay is $17.15 per hour. Plaintiff Perry was transferred to investigations as a criminal investigator. At the time Plaintiff Perry became a criminal investigator, he was told by the Defendants that investigators were exempt from overtime pay.

33.    During the applicable statutory period, Defendants required Plaintiff Perry on a regular and repeated basis to work more than forty-three (43) hours per week without overtime compensation. The Defendants were aware and had knowledge that Plaintiff Perry was working

off the clock in excess of forty-three (43) hours per week.

34.     During the applicable statutory period, Defendants have repeatedly refused to pay Plaintiff Perry for the overtime he has worked and have also incorrectly calculated his pay.

35.     When Plaintiff Perry worked more than forty-three (43) hours during a week, Defendants did not compensate Plaintiff at a rate of "one and one-half times the regular rate at which [the Plaintiff was] actually employed" for the first forty-three (43) hours of work. *See* C.F.R. § 778.107.

36.     Defendants worked Plaintiff Perry "off the clock." Plaintiff was not compensated for time spent performing his police investigation duties after his shift was over.

37.     As such, Plaintiff Perry was not compensated for all compensable overtime spent working.

38.     Defendant's intentional failure to pay Plaintiff Perry overtime wages are willful violations of the FLSA.

39.     The exact amount of unpaid overtime compensation owed to Plaintiff Perry is not presently known to the Plaintiff, but will be determined through discovery.

40.     Plaintiff Bryant began his employment with Defendants on or around April 2014 as a deputy sheriff. Plaintiff Bryant's applicable rate of pay is $16.02 per hour. Plaintiff Bryant was transferred to investigations as a criminal investigator in October 2016.

41.     During the applicable statutory period, Defendants required Plaintiff Bryant on a regular and repeated basis to work more than forty-three (43) hours per week without overtime compensation. The Defendants were aware and had knowledge that Plaintiff Bryant was working off the clock in excess of forty-three (43) hours per week.

42.     During the applicable statutory period, Defendants have repeatedly refused to pay

Plaintiff Bryant for the overtime he has worked and have also incorrectly calculated his pay.

43.     When Plaintiff Bryant worked more than forty-three (43) hours during a week, Defendants did not compensate Plaintiff at a rate of "one and one-half times the regular rate at which [the Plaintiff was] actually employed" for the first forty-three (43) hours of work. *See* C.F.R. § 778.107.

44.     Defendants worked Plaintiff Bryant "off the clock." Plaintiff was not compensated for time spent performing his police investigation duties after his shift was over.

45.     As such, Plaintiff Bryant was not compensated for all compensable overtime spent working.

46.     Defendant's intentional failure to pay Plaintiff Bryant overtime wages are willful violations of the FLSA.

47.     The exact amount of unpaid overtime compensation owed to Plaintiff Bryant is not presently known to the Plaintiff, but will be determined through discovery.

48.     Plaintiff Naylor began his employment with Defendants on or around April 2014 as a deputy sheriff. Plaintiff Naylor's applicable rate of pay is $15.77 per hour. Plaintiff Naylor was transferred to investigations as a criminal investigator in October 2016.

49.     During the applicable statutory period, Defendants required Plaintiff Naylor on a regular and repeated basis to work more than forty-three (43) hours per week without overtime compensation and/or incorrectly calculating his overtime pay resulting in his not being correctly compensated for his overtime.

50.     During the applicable statutory period, Defendants have repeatedly refused to pay Plaintiff Naylor for the overtime he has worked and have also incorrectly calculated his pay.

51.     When Plaintiff Naylor worked more than forty-three (43) hours during a week,

Defendants did not compensate Plaintiff at a rate of "one and one-half times the regular rate at which [the Plaintiff was] actually employed" for the first forty-three (43) hours of work. *See* C.F.R. § 778.107.

52.    Defendants worked Plaintiff Naylor "off the clock." Plaintiff was not compensated for time spent performing his police investigation duties after his shift was over.

53.    As such, Plaintiff Naylor was not compensated for all compensable overtime spent working.

54.    Defendant's intentional failure to pay Plaintiff Naylor overtime wages are willful violations of the FLSA.

55.    The exact amount of unpaid overtime compensation owed to Plaintiff Naylor is not presently known to the Plaintiff, but will be determined through discovery.

56.    Plaintiff Baker began her employment with Defendants in March 2016 as a dispatcher.

57.    During the applicable statutory period, Defendants required Plaintiff Baker on a regular and repeated basis to work more than forty (40) hours per week without overtime compensation and/or incorrectly calculating her overtime pay resulting in her not being correctly compensated for her overtime.

58.    During the applicable statutory period, Defendants have repeatedly refused to pay Plaintiff Baker for the overtime she has worked and have also incorrectly calculated her pay.

59.    When Plaintiff Baker worked more than forty (40) hours during a week, Defendants did not compensate Plaintiff at a rate of "one and one-half times the regular rate at which [the Plaintiff was] actually employed" for the first forty (40) hours of work. *See* C.F.R. § 778.107.

60.     As such, Plaintiff Baker was not compensated for all compensable overtime spent working.

61.     Defendant's intentional failure to pay Plaintiff Baker overtime wages are willful violations of the FLSA.

62.     The exact amount of unpaid overtime compensation owed to Plaintiff Baker is not presently known to the Plaintiff, but will be determined through discovery.

63.     Plaintiff Wilkerson began his employment with Defendants in May 2015 as a deputy sheriff.

64.     During the applicable statutory period, Defendants required Plaintiff Wilkerson on a regular and repeated basis to work more than forty-three (43) hours per week without overtime compensation and/or incorrectly calculating his overtime pay resulting in his not being correctly compensated for his overtime.

65.     During the applicable statutory period, Defendants have repeatedly refused to pay Plaintiff Wilkerson for the overtime he had worked and have also incorrectly calculated his pay.

66.     When Plaintiff Wilkerson worked more than forty-three (43) hours during a week, Defendants did not compensate Plaintiff at a rate of "one and one-half times the regular rate at which [the Plaintiff was] actually employed" for the first forty-three (43) hours of work. *See* C.F.R. § 778.107.

67.     At various times, Plaintiff Wilkerson was required to work in excess of the maximum hours per week and would receive compensatory time in lieu of overtime pay.

68.     As such, Plaintiff Wilkerson was not compensated for all compensable overtime spent working.

69.     Defendant's intentional failure to pay Plaintiff Wilkerson overtime wages are

willful violations of the FLSA.

70.    The exact amount of unpaid overtime compensation owed to Plaintiff Wilkerson is not presently known to the Plaintiff, but will be determined through discovery.

71.    In January 2019, Plaintiff Wilkerson resigned from Defendants' employment.

72.    At the time of his resignation, Plaintiff Wilkerson had accumulated hundreds of hours of compensatory time, vacation time and holiday time, which he was entitled to be paid for.

73.    Defendants have told Plaintiff Wilkerson that they will not pay him for the accrued compensatory time, vacation time and holiday time.

74.    Plaintiff Hatch began his employment with Defendants in 2008 as a deputy sheriff.

75.    During the applicable statutory period, Defendants required Plaintiff Hatch on a regular and repeated basis to work more than forty-three (43) hours per week without overtime compensation and/or incorrectly calculating his overtime pay resulting in his not being correctly compensated for his overtime.

76.    During the applicable statutory period, Defendants have repeatedly refused to pay Plaintiff Hatch for the overtime he had worked and have also incorrectly calculated his pay.

77.    When Plaintiff Hatch worked more than forty-three (43) hours during a week, Defendants did not compensate Plaintiff at a rate of "one and one-half times the regular rate at which [the Plaintiff was] actually employed" for the first forty-three (43) hours of work. *See* C.F.R. § 778.107.

78.    At various times, Plaintiff Hatch was required to work in excess of his maximum hours per week and would receive compensatory time in lieu of overtime pay.

79.    As such, Plaintiff Hatch was not compensated for all compensable overtime spent working.

80.    Defendant's intentional failure to pay Plaintiff Hatch overtime wages are willful violations of the FLSA.

81.    The exact amount of unpaid overtime compensation owed to Plaintiff Hatch is not presently known to the Plaintiff, but will be determined through discovery.

82.    In November 2018, Plaintiff Hatch resigned from Defendants' employment.

83.    At the time of his resignation, Plaintiff Hatch had accumulated approximately 600 hundred hours of compensatory time, vacation time and holiday time, which he was entitled to be paid for.

84.    Defendants have told Plaintiff Hatch that they will not pay him for the accrued compensatory time, vacation time and holiday time.

85.    Plaintiff Vasquez began his employment with Defendants on or around February 2018 as a deputy sheriff. Plaintiff Vasquez's applicable rate of pay is $14.42 per hour.

86.    During the applicable statutory period, Defendants required Plaintiff Vasquez on a regular and repeated basis to work more than forty-three (43) hours per week without overtime compensation and/or incorrectly calculating his overtime pay resulting in his not being correctly compensated for his overtime.

87.    During the applicable statutory period, Defendants have repeatedly refused to pay Plaintiff Vasquez for the overtime he has worked and have also incorrectly calculated his pay.

88.    When Plaintiff Vasquez worked more than forty-three (43) hours during a week, Defendants did not compensate Plaintiff at a rate of "one and one-half times the regular rate at which [the Plaintiff was] actually employed" for the first forty-three (43) hours of work. *See*

C.F.R. § 778.107.

89.    As such, Plaintiff Vasquez was not compensated for all compensable overtime spent working.

90.    Defendant's intentional failure to pay Plaintiff Vasquez overtime wages are willful violations of the FLSA.

91.    The exact amount of unpaid overtime compensation owed to Plaintiff Vasquez is not presently known to the Plaintiff, but will be determined through discovery.

92.    During the applicable statutory period, Plaintiff Vasquez was a member of the United States Army National Guard.

93.    Plaintiff Vasquez was required to travel to/from National Guard duty on January 4, 2019 through January 6, 2019.

94.    Defendants Personnel Policy sets forth that full time employees who are members of any military reserve component will be granted military leave with pay, pursuant to T.C.A. § 8-33-101 et. seq.

95.    Plaintiff Vasquez was not paid for his travel time for National Guard duty for January 4 – 6, 2019.

96.    Plaintiff Vazquez brought this to the attention of Defendant Sain and was told that the Defendant did not pay for military travel time for National Guard duty.

### A.    Overtime Pay Not Correctly Calculated

97.    The facts recited above are incorporated by reference and made a part hereof as though stated word for word.

98.    During their employment with Defendants, Plaintiffs Perry, Bryant, Naylor, Baker, Wilkerson, Hatch and Vasquez, each worked overtime which was not correctly

calculated.

99.    Defendants failed to accurately calculate the number of hours worked resulting in Plaintiffs not being paid the correct overtime amount.

100.    Defendants failed to apply the correct hourly rate of Plaintiffs pay when calculating overtime pay resulting in Plaintiffs not being paid the correct overtime amount.

101.    Each of the Plaintiffs have, at various times, had their time sheets changed by Defendants to reflect fewer hours worked than what was submitted by Plaintiffs. The Defendants changing of Plaintiffs time sheets/records directly resulted in Plaintiffs not being paid the correct overtime amount.

## B.    Off the Clock Work

102.    The facts recited above are incorporated by reference and made a part hereof as though stated word for word.

103.    Plaintiffs Perry, Bryant and Naylor were each promoted to investigator within the Defendant sheriff's department. At the time they became investigators they were told that they were then exempt from overtime.

104.    It is believed that Plaintiffs Perry, Bryant and Naylor have each worked hundreds of hours off the clock, without pay.

## C.    Failure to Accurately Calculate Compensatory Time

105.    The facts recited above are incorporated by reference and made a part hereof as though stated word for word.

106.    At various times, Plaintiffs were required to work in excess of their maximum hours per week and would receive compensatory time in lieu of overtime pay.

107.    Such compensatory time was to be earned at the same rate as overtime.

108.    Plaintiffs Perry, Bryant, Naylor, Baker, Wilkerson, Hatch and Vasquez, each, at various times during their employment with Defendants, worked in excess of their maximum hours per week and were given compensatory time in lieu of overtime pay.

109.    During the applicable time period at issue, Defendants failed to accurately calculate the compensatory time owed to the Plaintiffs.

110.    Each of the Plaintiffs have, at various times, had their time sheets changed by Defendants to reflect fewer hours worked than what was submitted by Plaintiffs. The Defendants changing of Plaintiffs time sheets/records directly resulted in Plaintiffs not being paid the correct overtime amount as they were not given the correct compensatory time.

111.     Defendants failed to compensate the Plaintiffs at the rate of time and one half their regular pay when calculating compensatory time.

112.    Each of the Plaintiffs is owed for the overtime worked which was not correctly calculated by Defendants.

**D.    Failed to Properly Pay Employees After Changing Employee's Work Week**

113.    The facts recited above are incorporated by reference and made a part hereof as though stated word for word.

114.    Up to January 25, 2019, the work week for employees of Defendants began at 12:01 a.m. on Sunday and ended at 12:00 o'clock midnight on Saturday each week. Beginning January 25, 2019, defendants changed the employee's work week to beginning at 12:01 a.m. Saturday and ends at 12:00 o'clock midnight on Friday of each week.

115.    Defendants did not correctly calculate the Plaintiffs pay under the Federal Fair Labor Standards Act for the timeframe during which the employer adopted a different work week.

116.    Plaintiffs Perry, Bryant, Naylor, Baker and Vazquez were each employed by Defendants during this timeframe when the employer changed the employee's work week. Each of these Plaintiffs' time was not correctly calculated by the Defendants during the timeframe of the changeover resulting in these Plaintiffs not being correctly paid for overtime.

**E.    Failure to Pay Accrued Overtime/Compensatory Time at Time of Resignation**

117.    The facts recited above are incorporated by reference and made a part hereof as though stated word for word.

118.    At various times, Plaintiffs were required to work in excess of their maximum hours per week and would receive compensatory time in lieu of overtime pay.

119.    In the fall of 2018, Plaintiffs Wilkerson and Hatch resigned from Defendants employment.

120.    At the time of their resignation, Plaintiffs Wilkerson and Hatch had accumulated hundreds of hours of compensatory time, vacation time and holiday time, which they were entitled to be paid for.

121.    Defendants have told Plaintiffs that they will not pay them for the accrued compensatory time, vacation time and holiday time.

122.    Defendants have advised Plaintiffs that they, Plaintiffs, will have to sue them for the accrued compensatory, vacation and holiday time.

**F.    Failure to Pay Military Leave**

123.    The facts recited above are incorporated by reference and made a part hereof as though stated word for word.

124.    Plaintiff Vasquez was a member of the United States Army National Guard while employed by Defendants.

125.    Plaintiff Vasquez was required to travel to/from national guard duty on January 4, 2019 through January 6, 2019.

126.    Defendants Personnel Policy sets forth that full time employees who are members of any military reserve component will be granted military leave with pay, pursuant to T.C.A. § 8-33-101 et. seq.

127.    Plaintiff Vasquez was not paid for his travel time for national guard duty for January 4 – 6, 2019.

128.    Plaintiff Vazquez brought this to the attention of Defendant Sain and was told that the Defendant did not pay for military travel time for National Guard duty.

129.    The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed by law enforcement personnel in excess of forty-three (43) hours per week. Employees who are employed as dispatchers who provide emergency communications to police officers, firefighters, public safety personnel are to be compensated at a rate of not less than one and one-half times the regular rate of pay in excess of forty (40) hours per week.

130.    Defendants determined the work schedules for the Plaintiffs, directed their actions and activities, and kept the individual time records for hours worked by each employee. All time records were kept by the Defendants. During the course of their employment, Plaintiffs asked why they were not being paid overtime and were continuously told by Defendants that they did not pay overtime; that they were not required to pay overtime and that they would not pay overtime even though they were requiring or had knowledge that the Plaintiffs were working in excess of forty (40) and forty-three (43) hours.

131.    In addition to Plaintiffs, other similarly situated hourly employees of Defendants

worked as sheriff deputies, sheriff investigators and dispatchers, performing the same tasks as Plaintiffs and further they too performed work in excess of forty (40) hours per week (dispatchers) and forty-three (43) hours per week (law enforcement) on a regular and repeated basis.

132.    As a result of their actions and the conduct described above, Defendants have violated Title 29 U.S.C. §206 and §207 from at least September 2010 through the date of filing suit, in that:

a.  Plaintiffs worked in excess of forty (40) and/or forty-three (43) hours per week for the period of employment with Defendants;

b.  No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiffs for overtime wages, at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per .week as provided by the FLSA;

c.  No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiffs for minimum wages for every hour worked; and

d.  Defendants have failed to maintain proper time records as mandated by the FLSA.

133.    At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § § 201 *et.seq.*

134.    The foregoing conduct on the part of Defendants constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for the fact that its compensation practices were in violation of federal law.

135.    Defendants are unable to bear their "substantial burden" of showing their failure

to comply with the FLSA was in good faith and predicated on reasonable grounds. *Laffey v. Northwest Airlines,* 567 F.2d 429, 464 (D.C. Cir. 1976); 29 U.S.C. § 216(b); 29 U.S.C. § 260.

136.    Defendants have failed to properly disclose or apprise Plaintiffs of their rights under FLSA.

137.    Due to intentional, willful, and unlawful acts of Defendants, Plaintiffs, and others similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) and forty-three (43) hours per week, plus liquidated damages.

138.    Defendants have been unjustly enriched as a result of accepting the work of Plaintiffs without proper compensation. It would be unjust to allow Defendants to enjoy the fruits of Plaintiffs work without proper compensation.

139.    Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U. S.C. §216(b).

140.    At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiffs by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime.

141.    Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiffs were not paid proper overtime for hours worked in excess of forty (40) and forty-three (43) in one or more workweeks because Defendants failed to properly pay Plaintiffs proper overtime wages at time and a half the regular rate of pay for such hours.

142.    This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation, liquidated damages, interest, attorney's fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees of Defendants are similarly situated to Plaintiffs with regard to their wages and damages, in that they have been denied proper overtime compensation for at least three (3) years prior to the filing of this complaint. Plaintiffs are a representative of those other current and former employees and are acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action. Those similarly situated employees are known to Defendants and are readily identifiable, and may be located through Defendants' records. These similarly situated employees may be readily notified of this action and allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for the purposes of collectively adjudicating their claims for overtime compensation, liquidated damages, interest, attorney's fees, and costs under the FLSA.

143.    Plaintiffs have retained Heaton and Moore, P.C. to represent them in the litigation and have agreed to pay the firm a reasonable fee for its services.

## CAUSES OF ACTION

144.    The foregoing facts are incorporated by reference as if fully stated herein.

145.    Plaintiffs demand a jury.

146.    Plaintiffs bring the following claims against Defendants:

    A.    Willful failure to pay overtime wages in violation of the Fair Labor Standards Act of 1938; and

    B.    Unjust enrichment/Quantum Meriut/Breach of Contract.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

a.  Declaring, pursuant to 28 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b.  Awarding Plaintiffs overtime compensation in the amount due to them for Plaintiff's time worked in excess of forty (40) and/or forty-three (43) hours per week;

c.  Judgment against Defendants that its violations of the FLSA were willful;

d.  Awarding Plaintiffs liquidated damages in an amount equal to overtime award;

e.  Awarding Plaintiffs reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

f.  Awarding Plaintiffs pre and post-judgment interests;

g.  Awarding Plaintiffs all damages to include back pay and front pay that are available to them under the law;

h.  Issue an Order, as soon as practicable, authorizing Plaintiff to send notice of the instant lawsuit to all similarly situated "laborers" employed by Defendant within the past three years;

i.  Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

j.  That the Defendants be permanently enjoined from allowing such discrimination to occur in the future with respect to the treatment of any human being;

k.  An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit; and,

l.  For all such other relief as the Court deems just and equitable and to which they are entitled at law and equity.


PLAINTIFFS DEMAND A TRIAL BY JURY WHEN THE ISSUES ARE JOINED HEREIN.


Respectfully submitted on this the 29th day of May, 2019.

**HEATON AND MOORE, P.C.**

By:    /s/ William C. Sessions
        William C. Sessions, III (TN #15017)
        *Attorney for Plaintiffs*
        44 North Second Street, Suite 1200
        Memphis, Tennessee 38103
        (901) 531-7563
        File No: WS-51468