IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **PATRICK D. PERRY, et al.,**           ) | |
|                                          ) | |
| **Plaintiffs,**                          ) | |
|                                          ) | |
| v.                                       ) | Case No. 1:19-cv-1106-STA-jay |
|                                          ) | |
| **HARDEMAN COUNTY**                      ) | JURY TRIAL DEMANDED |
| **GOVERNMENT, et al.**                   ) | |
|                                          ) | |
| **Defendants.**                          ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT FILED BY THE HARDEMAN COUNTY EMERGENCY COMMUNICATIONS DISTRICT**

Defendant, the Hardeman County Emergency Communications District (the "Communications District"), submits this memorandum of law in support of its motion for summary judgment.

## RELEVANT HISTORY AND FACTS

The Plaintiffs are Hardeman County deputy sheriffs, jailers, and emergency dispatchers who allege they were unlawfully denied overtime compensation in violation of the FLSA. (Amend. Compl. ¶ 1-43, D.E. 29). They filed a "shotgun" Amended Complaint to assert overtime claims against eight separate Defendants. Like the others, the *dispatcher* Plaintiffs claimed that many different entities and individuals qualified as their joint employer, including the Hardeman County Emergency Communications District (the "Communications District") and the Chairman of its board, Jerry McCord. This Court has previously dismissed Jerry McCord

from this lawsuit. (Order Dismissing McCord, D.E. 54). The Communications District brings this motion for summary judgment because it is also not a proper party to this lawsuit.

It is undisputed that the Communications District has no control over the terms and conditions of the dispatchers' employment. (SMF, ¶ 3-9). The Communications District has never hired, disciplined, or fired any dispatcher. (SMF, ¶ 3). It does not control what shifts dispatchers work or how much they are paid, and it does not establish any payroll policies or practices. (SMF, ¶ 4-6). The Communications District does not exercise any supervision over dispatchers, and it does not maintain any employment records relating to them. (SMF, ¶ 7-9).

## **LAW AND ARGUMENT**

The Sixth Circuit has not "formulated or identified a test for determining whether a joint employment relationship exists in the context of the FLSA," but it has addressed the issue in other contexts. *Sutton v. Community Health Sys.*, Inc., 2017 U.S. Dist. LEXIS 133712 (W.D. Tenn. August 22, 2017) (quoting *Politron v. Worldwide Domestic Servs., LLC*, No. 3-11-0028, 2011 U.S. Dist. LEXIS 52999, (M.D. Tenn. May 17, 2011)); *Rhea v. W. Tenn. Violent Crime & Drug Task Force,* No. 2:17-cv-02267-JPM-cgc,  2018 U.S. Dist. LEXIS 222233 at *  9-10 (W.D. Tenn. Dec. 12, 2018).

"In cases involving disputes between labor unions and employers, the Sixth Circuit has considered the following four factors: 'the interrelation of operations between the companies, common management, centralized control of labor relations, and common ownership.'" *Id.* The Sixth Circuit has also held in the context of Title VII that the "major factors in [determining joint employment] are the ability to hire, fire, and discipline, affect compensation and benefits, and direct and supervise performance." *Sanford v. Main Street Baptist Church Manor, Inc.*, 449 Fed.Appx. 488, 492 (6th Cir. 2011). Rather than applying a test adopted by another circuit court

of appeals, this Court has previously found the factors adopted by the Sixth Circuit in *Sanford* and *Sutton* applicable to FLSA joint employment claims. *Rhea*, 2018 U.S. Dist. LEXIS 222233 at * 10-11 (relying on Sixth Circuit precedent because the factors set forth in *Sanford* and *Sutton* were substantially similar to the FLSA specific test adopted by the Fourth Circuit).

Under the FLSA, the issue of joint employment depends upon "all of the facts in the particular case and is largely an issue of **_control_**." *Smith v. Guidant Global, Inc.*, No. 19-cv-12318, 2019 U.S. Dist. LEXIS 213209 at * 7 (Dec. 11, 2019) (emphasis in original) (quoting *Parrott v. Marriott Int'l, Inc.*, 2017 U.S. Dist. LEXIS 144277, at *1 (E.D. Mich. Sept. 6, 2017) (quoting *Bacon v. Subway Sandwiches & Salads LLC*, 2015 U.S. Dist. LEXIS 19572 at *4 (E.D. Tenn. Feb. 19, 2015)). The factors this Court must consider are as follows: whether the plaintiff's alleged *joint employer* (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Smith*, 2019 U.S. Dist. LEXIS 213209 at * 8; *see, Rhea*, 2018 U.S. Dist. LEXIS 222233 at * 12-14.

The existence of some evidence as to just one of these factors is insufficient to survive summary judgment. The plaintiff in *Rhea* was a member of law enforcement who claimed he was entitled to overtime compensation for the "off the clock" care he provided his canine partner while otherwise off duty. *Id.* at 2-5. He was formally employed by The Tennessee Violent Crime & Drug Task Force (the "Task Force"), which was created by a Joint Cooperation Agreement entered into by multiple District Attorneys Generals. *Id.* In addition to suing the Task Force, the plaintiff identified Shelby County as his joint-employer. In support of joint employer claim, he argued Shelby County administered his payroll and provided him benefits, including insurance. He also had to fill out paperwork with Shelby County, which provided him an identification

3

number. *Id.* Shelby County moved for summary judgment, arguing it could not qualify as a joint employer under the FLSA. *Id.*

The Court in *Rhea* concluded that Shelby County did not have any power to hire, fire, or discipline the officer, and it did not "direct or supervise" the officer's performance. *Id.* at 12-15. The Court also emphasized that Shelby County did not have discretionary control over any of the terms and conditions of the officer's employment. *Id.* at 12-15. Although Shelby County administered benefits and had some records in its possession relating to the officer's employment, it did not make decisions about his employment. *Id.* at 12-15. The Court held that the support Shelby County provided the Task Force, the actual employer, was purely administrative and that Shelby County could not qualify as a joint employer as a matter of law. *Id.* at 12-15.

      **1.**      **The Communications District Cannot Qualify As A Joint Employer Under the FLSA, And it is Entitled to Summary Judgment.**

The Communications District exercised no control over the dispatchers, and the Court should grant it summary judgment. All of the following facts are undisputed:

1. The Communications District did not hire, fire, or discipline any dispatcher;

2. The Communications District did not supervise or control the work schedules of any dispatchers or their conditions of employment.

3. The Communications District did not determine how much dispatchers would be paid or the method by which their pay was calculated.

4. The Communications District did not maintain any employment records relating to any of the dispatchers.

This case is even more one sided than *Rhea* where the alleged joint employer, Shelby County, at least included plaintiff in its benefit plans. Here, the Communications District has no such role with respect to the *dispatcher* Plaintiffs and no involvement in setting the terms and

4

conditions of their employment. According to the undisputed facts and the law, the Court should grant summary judgment and enter an order dismissing the Communications District from this lawsuit with prejudice.

## **CONCLUSION**

The Court should grant the Communications District summary judgment and dismiss it from this lawsuit with prejudice.

                Respectfully submitted,

                s/ Frank L. Day
                Louis P. Britt III (TN #5613)
                Frank L. Day (TN #25345)
                **FORDHARRISON LLP**
                1715 Aaron Brenner Drive, Suite 200
                Memphis, TN  38120
                Telephone: (901) 291-1500
                Facsimile:   (901) 291-1501
                lbritt@fordharrison.com
                fday@fordharrison.com

                **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 5th day of March, 2020, served a true and correct copy of the foregoing document, via the Court's Electronic Filing System upon the following counsel of record:

>William C. Sessions, III, Esq. (TN #15017)
>Heaton & Moore, P. C.
>44 North Second Street, Suite 1200
>Memphis, TN 38103
>(901) 531-7563
>Email: wsessions@heatonandmoore.com
>*Attorneys for Plaintiffs*
>
>W. Carl Spining, Esq. (TN #016302)
>Michael T. Schmitt, Esq. (TN #026573)
>Ortale Kelley Law
>330 Commerce Street, Suite 110
>Nashville, TN 37201
>(615) 256-9999
>Email: cspining@ortalekelley.com
>           mschmitt@ortalekelley.com
>*Attorneys for Defendants Hardeman County Government,*
>*Hardeman County Commission, Hardeman County Sheriff's*
>*Office and Jimmy Sain*
>
>Charles M. Purcell, Esq. (TN #012461)
>Jennifer C. Craig, Esq. (TN #020036)
>Purcell, Sellers & Craig, Inc.
>P. O. Box 10547
>Jackson, TN 38308
>(731) 300-0737
>Email: chuck@psclegal.com
>           jennifer@psclegal.com
>*Attorneys for Defendant John Doolen*
>
>John D. Burleson, Esq. (TN #
>Matthew R. Courtner, Esq. (TN #
>Rainey Kizer Reviere & Bell
>209 E. Main Street
>Jackson, TN 38301
>(731) 423-2414
>Email: jburleson@raineykizer.com
>           mcourtner@raineykizer.com
>*Attorneys for Defendant City of Bolivar*

                                                       s/Frank L. Day___