IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK D. PERRY; JUSTIN BRYANT; THOMAS CODY NAYLOR, CHERI BAKER, CHRIS WILKERSON; MICHAEL HATCH, and ETHAN VASQUEZ on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 19-1106-STA-cgc |
| HARDEMAN COUNTY GOVERNMENT, HARDEMAN COUNTY COMMISSION, HARDEMAN COUNTY SHERIFF'S OFFICE, and JIMMY SAIN, Individually, | ) ) ) ) ) | |
| Defendants. | ) | |

**AMENDED ORDER GRANTING MOTION FOR SUMMARY JUDGMENT OF DEFENDANT HARDEMAN COUNTY EMERGENCY COMMUNICATIONS DISTRICT**

Defendant Hardeman County Emergency Communications District has filed a motion for summary judgment (ECF No. 67) on the ground that it is not Plaintiffs' employer. Plaintiffs have not responded to the motion. For the reasons set forth below and in Defendant's motion, the motion for summary judgment is **GRANTED**.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When deciding a motion for summary judgment, the Court must review all the evidence and draw all reasonable inferences in favor of the non-movant. *Matsushita Elec. Indus.*

*Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, and it "may not make credibility determinations or weigh the evidence." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014). When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Eastham v. Chesapeake Appalachia, L.L.C.,* 754 F.3d 356, 360 (6th Cir. 2014). These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

The Court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. In the present case, Plaintiffs have failed to show that Defendant is their employer or joint employer for purposes of liability under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §201, *et seq*.

Plaintiffs are Hardeman County deputy sheriffs, jailers, and emergency dispatchers who allege they were unlawfully denied overtime compensation in violation of the FLSA. The dispatcher Plaintiffs have asserted an FLSA overtime claim against Defendant, alleging that Defendant qualifies as a "joint employer" under the law. However, Defendant has presented undisputed evidence in its statement of material facts (ECF No. 67-2 ) that it has no control over the terms and conditions of the dispatchers' employment (SMF, ¶ 3-9); Defendant has never hired, disciplined, or fired any dispatcher (SMF, ¶ 3); Defendant does not control what shifts dispatchers work or how much they are paid, and it does not establish any payroll policies or practices (SMF,

¶ 4-6); and Defendant does not exercise any supervision over dispatchers, and it does not maintain any employment records relating to them. (SMF, ¶ 7-9).

As explained in *Rhea v. W. Tennessee Violent Crime & Drug Task Force*, 2018 WL 7272062 (W.D. Tenn. Dec. 12, 2018),

> The Sixth Circuit has not "formulated or identified a test for determining whether a joint employment relationship exists in the context of the FLSA." *Sutton v. Community Health Sys., Inc.*, 2017 WL 3611757, at *3 (W.D. Tenn. August 22, 2017) (quoting *Politron v. Worldwide Domestic Servs.*, LLC, No. 3-11-0028, 2011 WL 1883116, at *2 (M.D. Tenn. May 17, 2011)). The Sixth Circuit has, however, articulated tests for joint employment in other contexts. "In cases involving disputes between labor unions and employers, the Sixth Circuit has considered the following four factors: 'the interrelation of operations between the companies, common management, centralized control of labor relations, and common ownership.'" *Sutton*, 2017 WL 3611757, at *3 (W.D. Tenn. August 22, 2017) (quoting *Int'l Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk S. Corp.*, 927 F.2d 900, 902 (6th Cir. 1991)). The Sixth Circuit has also considered joint employment for Title VII's numerosity requirements and held that the "major factors in [determining joint employment] are the ability to hire, fire, and discipline, affect compensation and benefits, and direct and supervise performance." *Sanford v. Main Street Baptist Church Manor, Inc.*, 449 Fed. Appx. 488, 492 (6th Cir. 2011).

*Rhea*, 2018 WL 7272062 at *4. Applying these factors to the undisputed facts, the Court finds that Defendant does not meet the definition of joint employer. Accordingly, Defendant's motion for summary judgment is **GRANTED**, and Hardeman County Emergency Communications District is dismissed as a defendant.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 6, 2020