**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT
EASTERN DIVISION**

_____

| | | |
|---|---|---|
| **PATRICK D. PERRY, JUSTIN BRYANT,** | ) | |
| **THOMAS CODY NAYLOR,** | ) | |
| **CHERI BAKER, CHRIS WILKERSON,** | ) | |
| **MICHAEL HATCH, and ETHAN** | ) | |
| **VASQUEZ on behalf of themselves and** | ) | |
| **all others similarly situated,** | ) | |
| | ) | |
|     **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-1106-STA-jay** |
| | ) | |
| **HARDEMAN COUNTY GOVERNMENT,** | ) | |
| **HARDEMAN COUNTY COMMISSION,** | ) | |
| **HARDEMAN COUNTY SHERIFF'S OFFICE,** | ) | |
| **JIMMY SAIN, JOHN DOOLEN, and** | ) | |
| **CITY OF BOLIVAR,** | ) | |
| | ) | |
|     **Defendants.** | ) | |

_____

## ORDER DENYING MOTION TO DISMISS OF DEFENDANT JOHN DOOLEN

Defendant John Doolen, Sheriff of Hardeman County, has moved to dismiss the claims brought against him in both his individual and his official capacity under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 63.) Defendants Hardeman County Government, Hardeman County Commission, Hardeman County Sheriff's Office and Jimmy Sain have responded to the motion (ECF No. 63), as have Plaintiffs. (ECF No. 68.)

A complaint may be attacked for failure "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When considering a Rule 12(b)(6) motion to dismiss, a Court will presume that all the factual allegations in the complaint are true and will draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency v. Anthem Blue Cross*

& *Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)).  "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).  That is, a complaint must contain enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570.  A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  If the Court cannot "infer more than the mere possibility of misconduct, the complaint has alleged - but has not 'show[n]'- that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

Plaintiffs are past and present Hardeman County Sheriff deputies, jailers, and dispatchers who have asserted claims under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, *et seq.* ("FLSA"), regarding their alleged employment with Defendants Hardeman County Government, Hardeman County Commission, Hardeman County Sheriff's Office, Jimmy Sain, individually and in his official capacity as Mayor of Hardeman, County, John Doolen, individually and in his capacity as Sheriff of Hardeman County, Hardeman County Emergency Communications District,

and City of Bolivar, Tennessee. Plaintiffs seek to recover for their hourly rate of pay allegedly being arbitrarily changed after being turned over for payment, having had their overtime incorrectly calculated, having not been paid for overtime worked, having accrued compensatory, holiday and vacation time which was not paid at time of their termination of employment, having not been paid for off-the-clock work, having not been given compensatory time at the correct overtime rate, having not been paid for overtime for in-service training; they also allege that Hardeman County Government failed to maintain proper time records and intentionally did not pay the sheriff deputies, jailers, and dispatchers for all hours worked, all in violation of the FLSA.[1]

Defendant Doolen asserts that individual liability arises under the FLSA only when the individual qualifies as an "employer," *i.e.*, any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), and argues that he, therefore, should be dismissed from this action.[2]  In support of his position, Defendant Doolen points to the decision in *Mitchell v. Chapman*, 343 F.3d 811 (6th Cir. 2003), which found that public employers cannot be individually liable under the Family Medical Leave Act ("FMLA").

In the amended complaint, Plaintiffs allege that Defendant Doolen was their joint employer during the time period in question (Amd. Compl. ¶ 43, ECF No. 29); he hired and fired the employees, determined their hourly wage, determined their schedule, and directed their activities (*id.* at ¶ 60); and he was required to submit budgetary requests, payroll records, and other information and requests for assistance to the Hardeman County Defendants to obtain funds for the operation of the Sheriff's Department (*id.* at ¶ 85).  Plaintiffs further allege that Defendant

---

[1]  Defendants Hardeman County Government, Hardeman County Commission, and Mayor Jimmy Sain have denied being the employer of Plaintiffs and assert that any violations of the FLSA are the responsibility on Sheriff John Doolen.  (Answer, ECF No. 19.)

[2]  On January 15, 2020, the Court granted Defendant Jerry McCord's motion to dismiss without opposition from Plaintiff.  (Order, ECF No. 54.)

Doolen developed a personnel manual separate and apart from the personnel manual developed and adopted by the County for the other employees of Hardeman County (*id.* at ¶ 88) and that he established specific provisions relating to salary, leave, compensatory and holiday time, and hours of the work week. (*Id.* at ¶ 89.)  Additionally, Defendant Doolen allegedly had a statutory duty to work with and submit to Hardeman County Government the necessary information regarding anticipated annual expenses for operating the Sheriff's Department, including regular salaries and anticipated overtime payments to its employees, and to establish an annual budget sufficient to fund the operations of the Sheriff's Department. (*Id.* at ¶ 91.)

Plaintiffs have also alleged that, in the event the annual budget established for the Sheriff's Department was found to be deficient during the year, Defendant Doolen had the statutory duty to work with the Hardeman County Government to obtain additional funding to ensure the Sheriff's Department had the necessary funds to fund its operations, including but not limited to payment of all regular and overtime pay for its employees. (*Id.* at ¶ 92.)  Plaintiffs have alleged that at all times relevant Defendant Doolen regularly held and/or exercised the authority to control the finances and operations of the Hardeman County Sheriff's Office. (*Id.* at ¶ 96.)  Plaintiffs have also alleged that Defendant Doolen was responsible, both individually and jointly with the other defendants, for compliance with all the applicable provisions of the FLSA, including the overtime provisions, with respect to employment for all plaintiffs for each particular workweek. (*Id.* at ¶ 97.)

The definition of "employer" under the FLSA includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §§ 203(d). "[N]either the United States Supreme Court nor the Sixth Circuit Court of Appeals has addressed whether state officials and public employees are 'employers' subject to individual liability under

the FLSA." *Fraternal Order of Police Barkley Lod. v. Fletcher*, 618 F. Supp. 2d 712, 715 (W.D. Ky. 2008).[3] However, several district courts have concluded that individual employees of a public agency may be held liable as "employers" under the FLSA. *See id.* at 721-22 (denying a motion to dismiss by public officials sued in their individual capacities under the FLSA and finding that the plain meaning of the statute unambiguously permitted individual liability for public employers); *Willcox v. Tennessee Dist. Attorneys Gen. Conference*, 2008 WL 4510031 (E.D. Tenn. Sept. 30, 2008) (holding that employees of a public agency may be "employers" under the FLSA as long as they "acted directly or indirectly in the interest of the State, in relation to plaintiff"), *amended sub nom. Willcox v. Kirby*, 2009 WL 78436 (E.D. Tenn. Jan. 9, 2009).

The *Willcox* Court found the Sixth Circuit's holding in *Mitchell v. Chapman* that public employers cannot be individually liable under the FMLA to be inapposite to claims under the FLSA.

> The FLSA and the FMLA often mirror each other, indeed with many definitions of the FMLA being directly taken from the FLSA. Yet there is a key distinction in the definition "employer." Whereas the FLSA defines "employer" simply as "includ[ing] any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency," 29 U.S.C. § 203(d), the FMLA separates these clauses, using a separate clause to define "employer" and three separate clauses to illustrate what the term "includes." 29 U.S.C. § 2611(4)(A)(i)-(iv). The significance is that whereas the Sixth Circuit has held that the FMLA does not allow for individual liability of public agency employers, *Mitchell v. Chapman*, 343 F.3d 811, 829 (6th Cir. 2003), the FLSA's definition is far more vague. Applying the analysis under *Mitchell* to the FLSA, it would appear that the FLSA does allow for individual liability of public employers. Indeed, a sister court recently engaged in a detailed and thorough analysis of this issue and reached the same result. *Fraternal Order of Police Barkley Lodge # 60, Inc. v. Fletcher*, No. 5:07-CV-11-R, 2008 WL 49059 (W.D. Ky. Feb. 20, 2008). The court adopts and incorporates this analysis here and finds that an individual employee of a public agency may be liable under the FLSA.

---

[3] It is well-established that the FLSA imposes individual liability on private-sector employers. *See United States Dep't of Labor v. Cole Enters., Inc.*, 62 F.3d 775 (6th Cir. 1995); *Fegley v. Higgins*, 19 F.3d 1126 (6th Cir. 1994).

*Willcox*, 2008 WL 4510031 at *6 n. 4.  *But see Campbell v. Kelly*, 2011 WL 3862019 at *5 (S.D. Ohio Aug. 31, 2011) (granting the individual defendant's motion for summary judgment "after taking account of the conflicting case law" and finding that "the FLSA precludes claims against public employers in their individual capacities").

The Court finds the reasoning of *Willcox* and *Fletcher* to be persuasive.  At this juncture, there are questions of fact as to whether Defendant Doolen determined the employment practices for the deputies and correctional officers, including hiring, firing, rates of pay and hours of work, which could define him as an "employer" subject to liability under the FLSA.  Accordingly, Defendant's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  April 23, 2020.