**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

PATRICK D. PERRY; *et al.*

    Plaintiffs,

v.

HARDEMAN COUNTY
GOVERNMENT, *et al.*

    Defendants.

Case No. 19-1106-STA-cgc
JURY DEMANDED

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DECERTIFY COLLECTIVE ACTION

COME NOW Plaintiffs, Patrick Perry, et al., by and through undersigned counsel, and request that this Honorable Court deny Defendants' Motion to Decertify Collective Action and in support thereof, would respectfully show unto the Court as follows:

**INTRODUCTORY STATEMENT**

At the outset, prior to and during the Court's status conference of October 7, 2021, counsel for Defendants addressed the subject of consolidating the Hardeman County cases that were presently pending before the Court. Defendants requested that Plaintiffs consolidate all the claims, including the Hardeman County EMT lawsuits, into one case in order to make the trial more manageable. Plaintiffs did not want to consolidate the EMT cases with this case as it would be too confusing and would not have similar facts or testimony. At Defendants' request, Plaintiff was agreeable to consolidating the three deputy lawsuits into this action. Now, Defendant argues that the consolidation of claims makes this matter burdensome and has additionally moved to decertify this conditional certification on the basis that as a matter of law, the named plaintiffs and opt-in

1

plaintiffs are not similarly situated to one another in the employment setting. In this matter, Defendants are incorrect as the named plaintiff's and opt-in plaintiffs are identical.

## FACTUAL BACKGROUND

Plaintiffs filed their original Complaint in this matter on 5/29/19. (ECF 1). The original Complaint consisted of seven (7) plaintiffs – six (6) of which are/were sheriff deputies Patrick Perry, Justin Bryant, Thomas Cody Naylor, Chris Wilkerson, Michael Hatch, Ethan Vasquez and one (1) dispatcher Cheri Baker. Plaintiff filed their Amended Complaint (ECF 29) in this matter on 10/11/19. (ECF 1). The Amended Complaint added twenty-two (22) Hardeman County Sheriff Office employees as Plaintiffs in this lawsuit consisting of fifteen (15) additional sheriff deputies: Brandon Allen, Thomas Avery, Greg Brown, Scott Brown, Christopher Deming, Randle Grantham, Ryan Herndon, Jeffrey Hill, Kenneth Hogwood, Chris Hopkins, Courtney Howell, Vincent Hunt, Michael Kennamore, Greg Moore, and David Nabors; six (6) dispatchers: Martha Jane Vickers, Jenny Duke, Lauren Hampton, Pearlie Long, Martha Lowrance, and Toni Pierce; and one (1) correctional officer Carol Danford McElhone. These twenty-nine (29) named Plaintiffs each signed and filed a Consent to become Plaintiff in a Wage and Hour Overtime Lawsuit. This consent specifically set forth that "I hereby consent to be a party plaintiff ." (ECF 27-2)

Plaintiffs filed their Motion to Conditionally Certify Collective Action (ECF 66) on 3/3/20. However, between the filing of their Amended Complaint on 10/11/19 and the filing of the Motion to Conditionally Certify Collective Action on 3/3/20 there were seven (7) additional individuals added as Plaintiffs to this lawsuit through a Consent to Become a Plaintiff. Those seven consist of three (3) deputies: Craig Collins, James Frazier, James Graham, and four (4) jailers: Judy Wiggins, Sharnette McNeal, Martha Daniel and Chris McKinney. These seven (7) named Plaintiffs each likewise signed and filed a Consent to become Plaintiff in a Wage and Hour Overtime Lawsuit.

This consent specifically set forth that "I hereby consent to be a party plaintiff ." (ECF 69 Notice of Filing and ECF 69-1 Individual signed consents). There is no question that each of these seven individuals are named plaintiffs.

After the filing of the conditional certification on March 3, 2020, but before the conditional certification was granted on June 20, 2020, 31 more plaintiffs opted into the lawsuit as named plaintiffs. These consist of five (5) deputies:, Ellison, E. Howell, L. Howell, Vandiver, and Woods; twenty-one (21) jailers: Q. Allen, T. Anderson, E. Armour, Banks, Bolton, Bricker, L. Brown, Edwards, Hall, McCord, McKinnie, Curtis Neal (not Cherterica Neal), Peoples, Pittman, Robinson, Rouse, Schultz, Simmons, Smith, Sterling, and Wilson; four (4) Dispatchers: Ervin, C. Hill, J. Kelley, Sprayberry; and one (1) maintenance worker, Welch. These thirty (30) named Plaintiffs each likewise signed and filed a Consent to Join setting forth that "Pursuant to the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), I hereby consent to join and act as a plaintiff in the above-captioned lawsuit."

Of the 31 plaintiffs that joined after the filing of the conditional certification on March 3, 2020, but before the conditional certification was granted on June 20, 2020, they each directly contacted counsel inquiring about the lawsuit and asking to join as a named plaintiff. These 31 joined as follows:

On April 15, 2020, Deputy Vandiver, Dispatcher C. Hill, Jailers Pittman, Robinson and Smith joined as a named plaintiff. (ECF 75 Notice of Filing Consent and ECF 75-1 Signed Consents).

On April 24, 2020, Deputy Ellison, Dispatcher Ervin, Jailers Bricker, Edwards, Hall, McCord and Wilson joined as a named plaintiff. (ECF 78 Notice of Filing Consent and ECF 78-1 Signed Consents).

On April 29, 2020, Deputy's Ethan Howell and Logan Howell and Dispatcher Cathy Sprayberry joined as a named plaintiff. (ECF 83 Notice of Filing Consent and ECF 83-1 Signed Consents).

On May 13, 2020, Deputy Tommie Wood and Dispatcher Jackie Kelley joined as a named plaintiff. (ECF 88 Notice of Filing Consent and ECF 88-1 Signed Consents).

On May 26, 2020, Jailers Anderson, Armour, Banks, Bolton, McKinnie, Curtis Neal, Peoples, Rouse, Sterling joined as a named plaintiff. (ECF 89 Notice of Filing Consent and ECF 89-1 Signed Consents).

On May 28, 2020, Jailer Quinterius Allen joined as a named plaintiff. (ECF 90 Notice of Filing Consent and ECF 90-1 Signed Consents).

On May 29, 2020, Jailer Arthur Schultz joined as a named plaintiff. (ECF 91 Notice of Filing Consent and ECF 91-1 Signed Consents).

On June 16, 2020, Jailer Keviante Simmons and Maintenance Tim Welch joined as a named plaintiff. (ECF 98 Notice of Filing Consent and ECF 98-1 Signed Consents).

On July 15, 2020, Dispatcher Alisha Young joined as a named plaintiff. (ECF 107 Notice of Filing Consent and ECF 107-1 Signed Consents).

On August 5, 2020, Jailer Gerald Jacobs joined as a named plaintiff. (ECF 108 Notice of Filing Consent and ECF 108-1 Signed Consents).

With respect to the above sixty-seven (67) plaintiffs, there was no need to file a motion for conditional certification as they were already plaintiffs in this lawsuit. The conditional certification applies only to the seventeen (17) who joined pursuant to the motion for conditional certification.

On August 10, 2020, counsel forwarded correspondence to those individuals whose names were provided by Defendant as possible members who would be joining pursuant to the Order

granting conditional certification. When the court granted the plaintiffs Motion to Conditionally Certify Collective Action (ECF 66), seventeen (17) joined the collective action. These are One (1) deputy; Medina; two (2) dispatchers; N. Brown and T, Howell; and fourteen (14) jailers; Callahan, Chism, Coble, Garnier, Hannis, G. Jacobs, C. Lewis, W. Long, Mathews, Parks, Parram, Phinnessee, Polk, and Wooden. These members signed a Consent to Join Collective Action.

At issue before the Court is Defendants motion to decertify this matter as it argues that the named plaintiffs and opt in plaintiffs are not similarly situated to one another in the employment setting.

The below chart addresses the status of the Hardeman County Sheriff Office Deputies in this matter. Of the thirty-one deputies in this lawsuit, thirty (30) are named plaintiffs and one (1) is a member of the collective action. Defendant argues that the one deputy in the collective action is not similarly situated to the thirty deputies who are named plaintiffs. Deputy Medina was a patrol deputy and between 2016 and 2019 worked the same shifts side by side with the other patrol deputies.

| Signed and Filed Consent to Join as a Named Plaintiff<br><br>Complaint 5/29/19 | Signed and Filed Consent to Join as a Named Plaintiff<br><br>Amended Complaint 10/11/19 | Signed and Filed Consent to Join as a Named Plaintiff<br><br>Following Amended Complaint | Joined via Order Granting Conditional Cert 6/30/20 |
|---|---|---|---|
| Perry | Allen | Collins | Medina |
| Bryant | Avery | Ellison | |
| Hatch | G. Brown | Estes | |
| Naylor | S. Brown | Frazier | |
| Vasquez | Deming | Graham | |
| Wilkerson | Grantham | E. Howell | |
| | Herndon | L. Howell | |
| | J. Hill | Vandiver | |
| | Hogwood | Woods | |
| | Hopkins | | |
| | C. Howell | | |

5

|  | Hunt |  |  |
|  | Kennamore |  |  |
|  | Moore |  |  |
|  | Nabors |  |  |
|  |  |  |  |

The below chart addresses the status of the Hardeman County Sheriff Office Dispatchers in this matter. Of the thirteen (13) dispatchers in this lawsuit, twelve (12) are named plaintiffs and one (1) is a member of the collective action. Defendant argues that the one dispatcher in the collective action is not similarly situated to the twelve dispatchers who are named plaintiffs. The dispatchers worked a twelve-hour shift and Tina Howell worked with each of the other dispatchers. They each worked the same shift, did the same identical job, worked in the same room in the same building, performed the same function of responding to emergency and non-emergency calls, received the same training, had the same supervisor. The only difference between them is that some were paid a few pennies more than others.

| Signed and Filed Consent to Join as a Named Plaintiff<br><br>Complaint 5/29/19 | Signed and Filed Consent to Join as a Named Plaintiff<br><br>Amended Complaint 10/11/19 | Signed and Filed Consent to Join as a Named Plaintiff<br><br>Following Amended Complaint | Joined via Order Granting Conditional Cert 6/30/20 |
|---|---|---|---|
| Baker | Duke | C. Ervin | T. Howell |
|  | Hampton | C. Hill |  |
|  | P. Long | J. Kelley |  |
|  | Lowrance | Sprayberry |  |
|  | Pierce | Young |  |
|  | Vickers |  |  |

The below chart addresses the status of the Hardeman County Sheriff Office Correctional Officers (Jailers) in this matter. Of the forty (40) jailers in this lawsuit, twenty-nine (29) are named plaintiffs and eleven (11) are members of the collective action. Defendant argues that the eleven

6

jailers in the collective action are not similarly situated to the twenty-nine jailers who are named plaintiffs. The jailers worked a twelve-hour shift, and each worked with each of the other jailers. They each worked the same shift, did the same identical job, worked in the same building, performed the same function of monitoring and performing jail cell searches of housed inmates, monitoring inmate phone calls and online visitation, and conducting basic jail enforcement. The only difference between them is that some were paid a few pennies more than others.

| Signed and Filed Consent to Join as a Named Plaintiff

Complaint 5/29/19 | Signed and Filed Consent to Join as a Named Plaintiff

Amended Complaint 10/11/19 | Signed and Filed Consent to Join as a Named Plaintiff

Following Amended Complaint | Joined via Order Granting Conditional Cert 6/30/20 |
|---|---|---|---|
| | McElhone | Q. Allen | Callahan |
| | | Anderson | Chism |
| | | Armour | Coble |
| | | Banks | Hannis |
| | | Bolton | Lewis |
| | | Bricker | W. Long |
| | | L. Brown | Mathews |
| | | Daniel | Parks |
| | | Edwards | Parram |
| | | Hall | Polk |
| | | Jacobs | Wooden |
| | | McCord | |
| | | McKinney | |
| | | B. McKinnie | |
| | | McNeal | |
| | | C. Neal | |
| | | Peoples | |
| | | Phinnessee | |
| | | Pittman | |
| | | Robinson | |
| | | Rouse | |
| | | Schultz | |
| | | Simmons | |
| | | Smith | |

7

|  |  | Sterling |  |
|  |  | Welch |  |
|  |  | Wiggins |  |
|  |  | Wilson |  |

CONSENT TO JOIN AGREEMENTS

The individuals in this lawsuit signed one of two Opt-In Agreements. Seventy-one signed and filed a Consent to become Plaintiff in a Wage and Hour Overtime Lawsuit. This consent specifically set forth that "I hereby consent to be a party plaintiff ." (ECF 27-2 is an example of 29 of these signed agreements). The remainder signed a Consent to Join Collective Action.

**LAW AND ARGUMENT**

Section 16(b) of the Fair Labor Standards Act ("FLSA") establishes liability for violations of the Act's wage requirements and gives employees a private right of action to recover damages. *29 U.S.C. § 216(b)*. Specifically, Congress conferred the "right" to bring a FLSA action individually and on behalf of "other employees similarly situated." *Id.* The right to sue collectively has been integral to the FLSA since its enactment. *Fair Labor Standards Act of 1938, § 16(b), 52 Stat. 1060, 1069 (1938).* This "explicit statutory direction of a single [FLSA] action for multiple plaintiffs," *Hoffmann-La Roche v. Sperling,* 493 U.S. 165, 172 (1989), allows FLSA plaintiffs "the advantage of lower individual costs to vindicate rights by the pooling of resources" and benefits the judicial system by allowing "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [unlawful] activity," *Id*. at 170. Section 16(b) thus sets forth Congress's "policy that [FLSA] plaintiffs should have the opportunity to proceed collectively." *Id.; see also Killion v. KeHE Distributors, LLC*, 761 F.3d 574, 590-91 (6th Cir. 2014) (citing *Hoffmann-La Roche*, 493 U.S. at 170). 2. To opt into a collective action as a "party plaintiff," an

employee must file a written consent in court. 29 U.S.C. § 216(b). ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in [court]."). Similarly situated employees need not file a motion or rely on any federal rule because their right to opt in is granted by 16(b). "Once they file a written consent, opt-in plaintiffs enjoy party status as if they had initiated the action." *Canaday v. The Anthem Cos., Inc.,* 9 F.4th 392, 394 (6th Cir. 2021).

Defendants are incorrect in their argument that the named plaintiffs and opt-in plaintiffs are not similarly situated to one another in the employment setting. As an example, with respect to the deputies – there is only one (1) deputy Jamie Medina, who joined the lawsuit as a part of the collective action. Medina was a patrol deputy and worked the same shift, hours, conditions, as patrol deputies Avery, Greg Brown, Scott Brown, Chris Deming, James Frazier, James Graham, Randle Grantham, Ryan Herndon, Chris Hopkins, Courtney Howell, Ethan Vasquez.

The same argument can be made for dispatchers. Tina Howell joined the lawsuit as a part of the collective action. Ms. Howell performed the same job, worked the same hours, worked in the same location/room, and had the same supervisor as Cheri Baker, Jenny Duke, Lauren Hampton, Pearlie Long, Martha Lowrance, Toni Pierce, Jane Vickers. Defendant wants to argue that it would be better served to separate out those who joined pursuant to the conditional certification and hold a separate trial for them. However, the evidence, testimony, exhibits, argument, law, and damages would be identical.

A.   DISPATCHERS AND JAILERS ARE IDENTICAL AS TO THEIR CLAIMS

The dispatchers and jailers have identical arguments – that they were not paid for overtime when they worked a forty-eight (48) hour shift and that they were required to be at their post at least 15 minutes to 30 minutes before their shift began. The deputies also were required to be at

9

their post 15 minutes to 30 minutes prior to their shift beginning, and they are also seeking to be paid for this off-the-clock work. (ECF 225-1 ¶ 179, ¶ 180, ¶ 190, ¶ 193)

The dispatchers, just like the jailers, have not been paid overtime through the same two methods. Each of the dispatchers (and jailers) up to March 2019, worked a two-week schedule wherein they worked one week of forty-eight (48) or more hours and one week of thirty-two (32) to thirty-six hours (36) hours. Even though the dispatchers (and jailers) worked overtime every other week, they were not paid at the FLSA overtime rate for their overtime. (ECF 225-1 ¶ 168). Defendants did not calculate overtime based on a seven (7) day work week as set forth in Defendant's personnel policies, but rather calculated overtime based on a two (2) week work period of eighty (80) hours. (ECF 225-1 ¶ 169, ¶ 185, ¶ 187).

This practice of having the dispatchers and jailers work one forty-eight (48) or more work week each pay period and not paying them for their overtime has gone on for years. (ECF 225-1 ¶ 170). When the dispatchers and jailers worked more than forty (40) hours during a week, Defendants did not compensate them at a rate of "one and one-half times the regular rate at which [the Plaintiff was] actually employed" for the first forty (40) hours of work. *See* C.F.R. § 778.107.[1]

The common scheme between the groups is that the Chief Deputy, Billy Davis, enacted the policy that the Sheriff Office deputies, dispatchers and jailers were to be at their post between fifteen and thirty minutes prior to their start time. There is no degree of difficulty in calculating this damage. It simply requires that the employee count the number of shifts they worked during the statutory time period and multiply that number by 0.5 (thirty minutes).

The same is true for the forty-eight-hour work week. The calculation of the damage is the

---

[1] It is recognized that Defendant has taken the position that it adopted and established a Section 207(k) exemption and therefore the jailers would be paid at 43 hours rather than 40. However, this is addressed in Plaintiffs Response to Defendants Motion for Summary Judgment. At no tie has Defendant ever established or adopted a Section 207(k) exemption and Defendants argument as to this point is misguided and completely wrong.

10

same for all members.

Likewise, the employees who have left employment with Defendant are owed their accrued time for which they were not paid when they left employment. Of the 84 members of this lawsuit there are only 15 currently employed with Defendant. Again, there is nothing difficult about the calculation of this damage. Further each of the members of this lawsuit have the same claim – that is, they accrued comp time in lieu of overtime, holiday time and vacation time for which they were not compensated at the time they left employment.

### B.     THE DEPUTIES ARE ALL SIMILARLY SITUATED

The deputies have identical claims in this matter. The deputies allege that they were required to work off the clock and were not paid for this work. Just like the dispatchers and jailers, the deputies were required by Chief Deputy Billy Davis to be at their post at least 15 to 30 minutes prior to their shift. Additional off-the-clock work was due to Defendant Hardeman County Sheriff's Office requirement that all accident and incident reports be completed before the deputy left for the day without documenting the actual time worked, resulting in the Plaintiff Sheriff Deputies working off the clock without pay. (ECF 225-1 ¶ 120).

Defendant raises a red herring in its motion to decertify by arguing that there are deputies working for the FBI and TBI and other organizations. The only deputies who worked with the FBI and other agencies were Justin Bryant and Cody Naylor, both of which are plaintiffs in the original lawsuit. No member of the conditional certification class has their same claim.

The FLSA sets forth the opt-in mechanism for collective actions, 29 U.S.C. § 216(b). In a Rule 23 class action, "each person who falls within the class definition is considered to be a class member" and bound by the judgment unless they have opted out, a plaintiff "must affirmatively opt into a § 216(b) action by filing their written consent with the court in order to be considered a class member and be bound by the outcome of the action. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 167-68 (1989), *O'Brien v. Ed Donnelly Enters*, 575 F.3d 567, 584 (6th Cir. 2009). Section 216(b) states an employee may maintain an action against any employer on behalf of herself  "and other employees similarly situated." 29 U.S.C. § 216(b). Regarding opting into such litigation, the statute provides that "[n]o employee shall be a party plaintiff to any such action unless [s]he gives [her] consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

The FLSA collective action statute sets forth two requirements. The first is a requirement of the named plaintiff— must file on behalf of himself and "other 'similarly situated' employees." 29 U.S.C. § 216(b). The second is a requirement of the opt-in employee—they must give their "consent in writing to become such a party and such consent [must be] filed in the court in which such action is brought." 29 U.S.C. § 216(b).

In this case, there is no dispute that there are sixty-seven individuals who filed a consent to join this lawsuit as named plaintiffs. The 67 named plaintiffs have satisfied the second requirement. They have each consented in writing to become opt-in plaintiffs and filed their consents with this Court. The other 17 members joined pursuant to the conditional certification and joined as a member of the collective action. Defendant Hardeman County argues the first requirement was not satisfied. Perry and twenty-nine (29) other plaintiffs named in the original

12

complaint and amended complaint filed their complaint on behalf of themselves and others similarly situated, yet Defendants argue that the last 17 members are not similarly situated to Perry and the other named plaintiffs.

In other words, Defendant argues that the 17 members who have joined the collective action are not similarly situated and therefore the class certification should be decertified with these 17 opt-in plaintiffs being dismissed without prejudice. Then the 67 class representatives (the original plaintiffs) would proceed to trial on their individual claims. However, this is not the most economical way to handle this matter.

Typically, within a few weeks of the filing of a purported FLSA collective action, a plaintiff's lawyer often files pleadings signed by other current or former employees in which they consent to join the case as "opt-in" plaintiffs. Usually — but not always — a motion for conditional certification follows. But what happens to those opt-ins if the case is never conditionally certified? No appellate court had ever addressed this question until the Eleventh Circuit did so in *Mickles v. Country Club Inc*., 887 F.3d 1270 (11th. Cir. 2018). The Court stated that the FLSA, on its face, buttressed the conclusion that workers who opt into a collective "become party plaintiffs upon the filing of a consent and that nothing further, including conditional certification, is required." The Court stated that "we conclude that filing a written consent pursuant to [FLSA] section 216(b) is sufficient to confer party-plaintiff status."

The Eleventh Circuit made clear that opt-in plaintiffs are "parties" to a case regardless of conditional certification, and re-affirmed various Supreme Court and appellate authorities that a motion for conditional certification is not a required step in multi-claimant FLSA litigation, and that conditional certification is merely a case management tool for a plaintiff to be able to send a court-approved notice to employees. In holding an FLSA collective action was

moot when the lead plaintiff settled her claim and no other plaintiffs had opted in, the Supreme Court explained the purpose of conditional certification. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75, 133 S.Ct. 1523, 1530, 185 L.Ed.2d 636 (2013). "Under the FLSA ... 'conditional certification' does not produce a class with an independent legal status or join additional parties to the action. The *sole consequence of conditional certification* is the sending of court-approved written notice to employees ... who in turn become parties to a collective action only by filing written consent with the court." *Id.* (emphasis added).

The Sixth Circuit recently addressed the issue of conditional certification and "similarly situated" plaintiffs in *Clark et al v. A&L Homecare and Training Center, LLC et al.*, 22-3101, 22-3102 (6th Cir. May 19, 2023). There is a new standard for notice in FLSA Collective Actions, which is that the plaintiffs must show a "strong likelihood" that the employees wishing to opt-in are "similarly situated" to the plaintiffs themselves. The Court defined "similarly situated" as employees who "performed the same tasks and were subject to the same policies- as to timekeeping and compensation – as the original plaintiffs were." Plaintiffs have shown in this Response that there most definitely is a strong likelihood that the members who joined pursuant to the Conditional Certification are similarly situated due to the facts that they performed the same job duties and were subject to the same policies as to timekeeping and compensation as the original Plaintiffs. However, the issue in *Clark* "concerns the manner in which other employees come to learn about the existence of an FLSA suit itself." In other words, may the Court "facilitate notice" to plaintiffs who are "similarly situated"- creating a "conditional certification" of plaintiffs? Whatever the answer in each particular case, the Court specifically stated that "conditional certification" does not "change the nature of the underlying case" - "the notice determination has zero effect on the character of the underlying suit." In the current case, *Perry, et al.,* the Court

granted conditional certification on June 3, 2020, and thus notice has already been given to those other potential plaintiffs "similarly situated." You can't put the toothpaste back in the tube- the next step is to move forward with the case as the underlying suit is not affected.

## CONCLUSION

Based on the above, and in the spirit of the Act as well as judicial economy, it is clear that defendants' motion to decertify should be dismissed. In this matter, there is no dispute that there are sixty-seven individuals who are named plaintiffs who filed a consent to join this lawsuit as named plaintiffs. The 67 named plaintiffs became party plaintiffs upon the filing of their consent and nothing further, including conditional certification, is required of them. The 17 members who joined pursuant to the conditional certification and joined as a member of the collective action are similarly situated to the other named plaintiffs. There is no reason to now have the 17 conditional certification members file 17 separate lawsuits and move forward with 17 separate trials as Defendant is requesting.

Respectfully submitted:

**SESSIONS LAW FIRM, PLLC.**

By:   /s/ William C. Sessions
       William C. Sessions, III (TN #15017)
       Frances H. Sessions (TN #16896)
       *Attorneys for Plaintiffs*
       P.O. Box 331
       Brunswick, Tennessee 38014
       (901) 848-9654
       Wsessions@SessionsLawPllc.com
       BSessions@SessionsLawpllc.com

## **CERTIFICATE OF SERVICE**

       I, the undersigned, do hereby certify that a true and exact copy of the foregoing document has been sent via electronic mail and/or mailed, by United States mail, postage prepaid, to the following:

/s/ Robert O. Binkley, Jr.
ROBERT O. BINKLEY JR., BPR #11991
DALE CONDER JR. BPR #15419
*Attorneys for Defendant Hardeman County*
*and Jimmy Sain in his official capacity only*
Rainey, Kizer, Reviere and Bell, PLC
209 East Main Street
P.O. Box 1147
Jackson, Tennessee 38302
(731) 423-2414
Rbinkley@raineykizer.com
Dconder@raineykizer.com

/s/ Michael T. Schmitt
MICHAEL T. SCHMITT, BPR #26573
*Attorneys for Defendant Hardeman County,*
*and Jimmy Sain, individually*
Ortale, Kelley, Herbert & Crawford
200 Fourth Avenue, North – Third Floor
Nashville, Tennessee 37219
(615) 256-9999
Mschmitt@ortalekelley.com

Stephen L. Hale (#13554)
*Attorney for Defendant John Doolen*
*& Hardeman County Sheriff's Dept.*
110 N. Water Street
P. O. Box 638
Bolivar, TN 38008
stevehaleattorney@aol.com

       Dated this the 30th day of August 2023.

                                                       /s/ William C. Sessions
                                                       William C. Sessions, III