IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT
EASTERN DIVISION

| | |
|---|---|
| PATRICK D. PERRY; *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 19-1106-STA-cgc |
| ) | JURY DEMANDED |
| HARDEMAN COUNTY GOVERNMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION TO EXCLUDE OR IN THE ALTERNATIVE LIMIT THE TESTIMONY OF DEFENDANT EXPERT DAWN FARIAS**

Pursuant to Fed. R. Civ. P. 37(c) and LR 26.1(b), Plaintiffs file this motion to exclude Defendant's expert witness, Dawn Farias, or in the alternative to limit her testimony to her expert report she testified to during her deposition of September 6, 2023. The parties are scheduled to begin trial on June 24, 2024. In support of their motion Plaintiffs would state and show as follows:

**STATEMENT OF FACTS PERTINENT TO THIS MOTION**

The scheduling order (ECF 235) set forth May 10, 2022, as the deadline for disclosure of Defendant's expert information. On May 10, 2022, Defendants identified Dawn Farias as their expert and produced her expert report along with supporting documentation. Ms. Farias' deposition was scheduled for June 24, 2022, to be taken in Greenville, Tennessee.

On the evening of June 21, 2022, the night before Plaintiffs' counsel were leaving for Greeneville, Defendants produced an amended expert report. Ms. Farias' deposition was then canceled and reset for September 26, 2022. On September 20, 2022, Robert O. Binkley filed his Notice of Appearance (ECF 278), and on September 22, 2022, defense counsel Amber Shaw filed

her Motion for Leave to Withdraw as Counsel (ECF 279). On September 23, 2022, Plaintiffs' counsel were advised that Ms. Farias had strep throat and would not be available for her deposition on September 26, 2022. At that time this matter was set for trial beginning on January 30, 2023.

By Setting Letter (ECF 284) on October 11, 2022, the court set a status conference for November 17, 2022. During the November 17, 2022, status conference the court continued the upcoming trial for the purpose of allowing the parties to attend mediation. Trial was reset for August 21, 2023.

After mediation was not successful the court via Setting Letter (ECF 291) scheduled a status conference for April 10, 2023. During this status conference the court scheduled a follow-up status conference for June 8, 2023. During the June 8, 2023, conference the court established a deadline of June 29, 2023, for supplementation of Defendants' expert report. (ECF 299).

On June 26, 2023, Defendant filed a Motion to Extend Deadline (ECF 300) as to its experts' supplemental report stating that "expert witness Dawn Farias is leaving Tennessee the weekend of June 24-25 for out-of-state family matters and has an expected return to Tennessee late on June 30, 2023. Ms. Farias has requested an extension to complete and submit her report on or before July 21, 2023." This motion was granted by Order (ECF 301).

On July 13, 2023, Defendant filed its Second Motion to Extend Deadline (ECF 302) as to its experts' supplemental report stating that expert witness Dawn Farias "has requested an extension until August 11, 2023, to complete her calculations and her revised report. Defendant counsel Robert O. Binkley, Jr. is out of town for the wedding of one of his son's August 3-8, 2023." This motion was granted by Order (ECF 305).

On August 14, 2023, Defendants produced Dawn Farias' supplemental expert report along with supporting documentation. Ms. Farias deposition was scheduled for September 6, 2023, in Jackson, Tennessee.

The deposition of Defendants' expert, Dawn Farias, was taken on September 6, 2023. During her deposition, Farias testified that her expert report, that Defendant provided on August 14, 2023, was not her "final" report and that she was still performing calculations. (Dep Farias p. 53 - Ex A). At this time, this matter was set to begin trial on October 23, 2023.

On September 21, 2023, the parties filed a Joint Motion to Schedule Status Conference (ECF 321) which the Court granted and scheduled for September 25, 2023. During the September 25, 2023, status conference the court continued the October 23, 2023, trial to allow the parties to attempt one last mediation and to allow the parties to address some of the legal issues that remained unresolved at that time.

The parties attempted mediation on December 12, 2023. During mediation the parties agreed that they would reconvene in January 2024 to discuss individual plaintiffs. Defendant advised that it believed it would have its experts' supplemental report and calculations by January. This January meeting did not occur.

On February 7, 2024, the Court filed an Order Directing Parties to File Status Report (ECF 346) and then the Court scheduled a status conference for February 20, 2024. During the February 20, 2024, status conference, Defense counsel advised that its expert had not supplemented her report because she had had personal issues going back to before December 2023 preventing her from completing her task. During the status conference the court ordered the parties to meet and confer regarding amounts owed. The Court ordered Plaintiffs to supplement Rule 26 before the in-person meeting. Plaintiffs provided detailed supplemental disclosures, as ordered, and met with

counsel on March 27, 2024. At that time defendant still did not have its experts' supplemental report. It would have been beneficial if Defendant had produced its supplemental exert report for the in-person meeting as there would have then been something to discuss.

During the April 3, 2024 motion argument Defendant advised that it still had not received its experts' supplemental report.

Plaintiff's have been waiting on Defendant's supplemental expert report since September 7, 2023 – over seven (7) months.

## ARGUMENT

This matter is currently set to begin trial June 24, 2024, and Plaintiffs are prejudiced by not being provided with Defendants' supplemental expert report. Plaintiffs move this court to either exclude Defendants' expert, Dawn Farias, or in the alternative limit her testimony to her expert report that she testified to during her September 6, 2023, deposition.

Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The Sixth Circuit has interpreted Rule 37(c)(1) to "require[] absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.' " *Roberts ex rel. Johnson v. Galen of Virginia, Inc.,* 325 F.3d 776, 782 (6th Cir. 2003)

Rule 26(a) (2) (B), in turn, provides that "Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case ... be accompanied by a written report prepared and signed by

4

the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; ... ."

Rule 26(a) (2) (C) supplements this requirement: "In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial."

Following the September deposition, the Hardeman County Sheriff's office, at Defense counsels' request, has had several Plaintiffs, who are currently employed by Defendant, researching and producing documents to Defense counsel which are believed to have been provided to Defendants' expert, Farias, to assist her in supplementing her expert report. Plaintiffs' counsel has been told since September 6, 2023, that Farias is preparing an amended expert report. Even though Defense counsel and Farias have obtained various documents, records and daily logs, none have been provided to Plaintiffs. Plaintiffs are entitled to copies of all documents that have been provided to Farias for her review and reliance upon in formulating her opinions. Plaintiffs are prejudiced if the Court allows Defendant to supplement its experts' report at this late date as counsel will not have time to go through the anticipated hundreds possibly thousands of documents that have been provided to Farias and then take her supplemental deposition while also trying to prepare for over 100 witnesses in this six (6) week jury trial.

Defendant's expert was retained in June 2020 (Frias Dep. p. 27) (attached as Ex. B) and has been working on this case for forty-six (46) months. Plaintiffs should not be prejudiced simply because Defendant has taken three plus years to provide its expert with documents that she needs to formulate any calculations and/or opinions.

This matter is set to begin trial on June 24, 2024, which is well within the 90-day requirement of Rule 26 (a)(2)(C). Plaintiffs are substantially prejudiced by this lack of disclosure

especially given that trial is approximately 9 weeks (62 days) away. Plaintiffs' counsel has a right to be provided with all of the opposing parties' expert reports and documentation upon which the expert has relied in forming her opinions well in advance of trial.

                              **SESSIONS LAW FIRM, PLLC.**

By:    /s/ William C. Sessions
        William C. Sessions, III (TN #15017)
        Frances Hildebrand Sessions (#16896)
        *Attorney for Plaintiffs*
        P.O. Box 331
        Brunswick, Tennessee 38014-0331
        (901) 848-9654
        Wsessions@SessionsLawPllc.com
        BSessions@SessionsLawPllc.com

## **CERTIFICATE OF SERVICE**

       I, the undersigned, do hereby certify that a true and exact copy of the foregoing document has been sent via electronic mail and/or mailed, by United States mail, postage prepaid, to the following:

/s/ Robert O. Binkley, Jr.
ROBERT O. BINKLEY JR., BPR #11991
DALE CONDER JR. BPR #15419
*Attorneys for Defendant Hardeman County and Jimmy Sain in his official capacity only*
Rainey, Kizer, Reviere and Bell, PLC
209 East Main Street
P.O. Box 1147
Jackson, Tennessee 38302
(731) 423-2414
Rbinkley@raineykizer.com
Dconder@raineykizer.com

/s/ Michael T. Schmitt
MICHAEL T. SCHMITT, BPR #26573
*Attorneys for Defendant Hardeman County, and Jimmy Sain, individually*
Ortale, Kelley, Herbert & Crawford
200 Fourth Avenue, North – Third Floor
Nashville, Tennessee 37219
(615) 256-9999
Mschmitt@ortalekelley.com

Stephen L. Hale (#013554)
*Attorney for Defendant John Doolen & Hardeman County Sheriff's Dept.*
110 N. Water Street
P. O. Box 638
Bolivar, TN 38008
stevehaleattorney@aol.com

       Dated this the 22nd day of April 2024.

                                                          /s/ William C. Sessions
                                                          William C. Sessions, III