# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

PATRICK D. PERRY, et al.

    Plaintiffs,

v.

HARDEMAN COUNTY, TENNESSEE, et al.,

    Defendants.

Docket No.: 1:19-CV-01106-STA-cgc

## ORDER DENYING MOTIONS TO COMPEL

Before the Court, by way of Orders of Reference (D.E. # 375 and 383), are Plaintiffs' Fourth and Fifth Motions to Compel (D.E. # 370 and 383) filed on April 19, 2024 and May 16, 2024 respectively.  Defendants filed their response to the Fourth Motion to Compel on May 17, 2024.  (D.E. # 385)  For the reasons stated below, the Court finds that the motions are untimely filed and are DENIED.  The hearing on the Fourth Motion to Compel previously set for May 21, 2024 at 10:30am is STRICKEN from the calendar and the Motion to Continue the hearing (D.E. # 387) is DENIED AS MOOT.

    The initial scheduling conference in this case was held on September 25, 2019 and resulted in a Scheduling Order entered on September 24, 2019.  (D.E. # 25)  In the Scheduling Order, U.S. District Judge S. Thomas Anderson ordered that "[m]otions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer or objection that is the subject of the motion."  (D.E. # 25, PageID 98)  The schedule was amended on August 29, 2022.  (D.E. # 262)  The Amended Scheduling Order provides that "[m]otions to compel discovery are to be filed and served by the discovery deadline or within 30 days of the default or the service of

the response, answer or objection that is the subject of the motion…" (D.E. # 262, PageID 2786) The discovery deadline was set as October 21, 2022. (D.E. # 262, PageID 2785)

Plaintiffs' Fourth Motion to Compel seeks an order compelling the production of documents that were requested on November 17, 2021 and documents reviewed by defense expert Dawn Farias in the course of preparation of her expert report which were requested from Defendants on September 6, 2023. Plaintiffs' Fifth Motion to Compel seeks an order compelling responses to interrogatories that were served on Defendant Hardeman County Government on December 16, 2021 in *Brandon Allen, et al v. Hardeman County Government,* 21-cv-1087 and responses to interrogatories that were served on Defendant on December 8, 2021 in *Jonathan Luttrell, et al v. Hardeman County Government*, 21-1098.

Among the purposes of establishing a schedule in a case are the need to "establish early and continuing control so that the case will not be protracted because of lack of management" and "discouraging wasteful pretrial activities." Fed. R. Civ. P. 16(a)(2) and (3)  In this case, Plaintiffs have waited until the eve of trial to ask the court to remedy a situation that has been a problem for almost 30 months in the case of the interrogatories and 6 months in the case of the expert witness information. Allowing the problem to remain unaddressed for such an extended period of time was not contemplated by either the original scheduling order or the amended scheduling order.

While Fed. R. Civ. P. 6(b)(1)(B) allows an extension of time after the time to act has expired, that is only in the case where the failure to act is because of excusable neglect. Plaintiffs have not pled excusable neglect in their motions. What the motions appear to show is a pattern of agreements to extensions among the parties. Parties are always encouraged to work things out as much as they can without resorting to court intervention however they are not permitted to make

agreements to modify the court's scheduling orders without seeking leave of court. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4)

Plaintiffs' motions are untimely filed and are DENIED.

**IT IS SO ORDERED** this 20th day of May, 2024.

s/Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE