IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **PATRICK D. PERRY et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | No. 1:19-cv-1106-STA-cgc |
| ) | |
| **HARDEMAN COUNTY GOVERNMENT,** ) | |
| **HARDEMAN COUNTY COMMISSION,** ) | |
| **HARDEMAN COUNTY SHERIFF'S OFFICE,** ) | |
| **JIMMY SAIN in his individual and official** ) | |
| **Capacities, AND JOHN DOOLEN in his** ) | |
| **Official and individual capacities,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER DENYING PLAINTIFFS' MOTION TO EXCLUDE (ECF NO. 371)**

Before the Court is Plaintiffs Patrick Perry *et al.*'s Motion to Exclude or in the alternative Limit the Testimony of Defendants' Expert Dawn Farias (ECF No. 371) filed April 22, 2024. Defendants Hardeman County Government, the Hardeman County Commission, the Hardeman County Sheriff's Office, Mayor Jimmy Sain, and Sheriff Jimmy Doolen have responded in opposition. Plaintiffs have filed a reply. For the reasons set forth below, the Motion is **DENIED**.

Plaintiffs seek the exclusion of any proof Defendants would introduce through opinion witness Dawn Farias. For cause, Plaintiffs argue that Defendants have failed to make a timely supplement of Farias' opinions. In light of the upcoming jury trial, the Court should exclude Farias' testimony as a sanction for Defendants' failure to supplement in a timely way. By way of background, Plaintiffs state that after a number of extensions and delays, the parties took Farias' deposition in September 2023. At her deposition, Farias testified that the report disclosed by

1

Defendants on August 14, 2023, did not reflect her final report and that she was still performing calculations.  Plaintiffs have made repeated requests to receive an updated version of Farias' calculations.  With trial only a few weeks away, Farias has still not produced a final report of her calculations for the case.  Plaintiffs argue that the delay in receiving Farias' report in a timely manner violates Rule 26 disclosure requirements and has caused them prejudice.  Plaintiffs therefore ask the Court to exclude Farias' testimony outright or limit her testimony to the opinion disclosed in August 2023 and her trial testimony to the deposition testimony she gave in September 2023.

      Defendants have responded in opposition.  According to Defendants, the Hardeman County Sheriff's Office has continued to discover certain time records and other documents related to the employment of several Plaintiffs in this case.  For their part Plaintiffs recently supplemented their disclosures to include new claims for damages that were not previously raised in discovery.  Defendants argue that based on the newly discovered information and Plaintiffs' supplement, Farias needs more time to complete her damages calculations.  In their reply brief, Plaintiffs counter that Defendants continue to produce new records which prove even more FLSA violations than previously discovered.  Plaintiffs also argue that Hardeman County continues to violate the FLSA's overtime provisions, resulting in additional damages.  Putting aside the newly produced information, Defendants have not shown why Farias has yet to complete the supplemental report promised in September 2023.  Plaintiffs maintain then that exclusion is mandatory or at the very least a limitation on Defendants' use of Farias testimony at trial is warranted.

      Federal Rule of Civil Procedure 26(e) governs supplementation.  Rule 26(e)(2) states that the duty of supplementation for expert reports "extends both to information included in the report and to information given during the expert's deposition" and requires the disclosure of "[a]ny

additions or changes" to the information "by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). Rule 26(a)(3) makes pretrial disclosures, including supplements to an expert's report, due at least 30 days before trial. Fed. R. Civ. P. 26(a)(3)(B). Rule 37(c)(1) prohibits a party who "fails to provide information . . . as required by Rule 26(a) or (e)" from using the witness to supply evidence at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The exclusion of such evidence is automatic and mandatory unless the offending party can show that its nondisclosure was substantially justified or harmless." *RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659, 668 (6th Cir. 2024) (citations and internal quotation marks omitted).

The Court finds that exclusion of Farias' opinion testimony is not required in this case. First and as a procedural matter, Plaintiffs argue that Defendants missed their deadline to disclose Farias' report, which was 90 days before trial pursuant to Rule 26(a)(2). Rule 26(a)(2)(D) requires a party to disclose an expert "at the times and in the sequence that the court orders," or in the absence of a court order, "at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(a)(2)(D)(i). But in this case Defendants did disclose Farias' report and within the deadline adopted by the Court. In fact, the Court granted a consent motion for an extension of the deadline for supplementation of the report (ECF No. 305) on July 14, 2023. This is simply not an instance where a party has failed to make any disclosure at all but rather to make a required supplement to its previously disclosed expert report.

The gist of Plaintiffs' Motion is that Defendants have never supplemented the report to include information referenced in Farias' deposition or information produced at any time since her deposition. Under Rule 26(a)(3), Defendants' supplement to Farias' report was due at least 30 days before trial. Fed. R. Civ. P. 26(a)(3)(B). The trial is set to begin June 24, 2024, meaning

3

Defendants' final supplement to Farias's report was due no later than May 24, 2024. Plaintiffs' argument that Defendants missed a 90-day deadline for supplementation is without merit. Because Plaintiffs have not shown that Defendants missed their final deadline for supplementation, the Court need not decide whether any failure to make a timely supplement was substantially justified or harmless.

The Court would make two additional points. First, even though the deadlines related to discovery expired months ago, the parties continue to exchange new documents containing discoverable information but without requesting a reopening of the discovery period.[1] Defendants have argued that Plaintiffs' ongoing disclosure of new damages calculations has delayed Farias' work. Second, the June 24, 2024 trial will be limited to the collective action claims alleged by a subclass of dispatchers. According to an undated spreadsheet attached to Defendants' brief (ECF No. 385-24), Farias has completed her work for each claimant in the dispatcher subclass. Nothing in Plaintiffs' Motion to Exclude suggests that Defendants' delay in supplementing Farias' report will impact the trial of the dispatcher subclass. For all of these reasons, Plaintiff's Motion is **DENIED** without prejudice.

  IT IS SO ORDERED.

                 s/ S. Thomas Anderson
                 S. THOMAS ANDERSON
                 UNITED STATES DISTRICT JUDGE

                 Date: June 5, 2024.

---

[1] In fact, the United States Magistrate Judge recently denied two motions to compel filed by Plaintiffs, noting the requests came far outside of the discovery deadlines established by the Court. *See* Order Denying Mots. to Compel, May 20, 2024 (ECF No. 388). One of the items sought by Plaintiffs' motions to compel were documents reviewed by Farias as part of the preparation of her report.