IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **PATRICK D. PERRY et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | No. 1:19-cv-1106-STA-cgc |
| ) | |
| **HARDEMAN COUNTY GOVERNMENT,** ) | |
| **HARDEMAN COUNTY COMMISSION,** ) | |
| **HARDEMAN COUNTY SHERIFF'S OFFICE,** ) | |
| **JIMMY SAIN in his individual and official** ) | |
| **Capacities, AND JOHN DOOLEN in his** ) | |
| **Official and individual capacities,** ) | |
| ) | |
| **Defendants.** ) | |

### ORDER REGARDING MEDIATION AND TRIAL SETTING

On May 8, 2024, the Court entered an order granting in part and denying in part Defendants' motion for decertification. As the Court explained in its order, the Court certified certain collective action claims for trial and decertified collective action as to other claims and opt-in Plaintiffs. The Court did not take any final action to dismiss the decertified claims or parties until the Court had received position papers on the prospects of mediating some or all of the claims prior to the trial currently set for June 24, 2024. The parties have now submitted briefs on the mediation issue. While Hardeman County has stated a willingness to engage in another round of mediation, Plaintiffs have offered several reasons why they oppose it. The Court would also add that the parties have participated in more than one mediation session at earlier phases of the case.

1

Because the parties do not appear to be in agreement on the merits of attempting mediation once more before trial, the Court will not require them to mediate at this time.[1]

The case will proceed to trial as scheduled. The Court's decertification order addressed which collective action claims remained for trial. The Court certified collective action for the following categories of Hardeman County employees: dispatchers, patrol deputies, deputy jailers, correctional officer sergeants, and former employees who were denied accrued comp time upon separation from county employment as a matter of Hardeman County policy. The decertification order also spelled out which specific claims were certified for collective treatment and the legal standards for proving the claims. In recognition of the fact that the case involves several subclasses (as well as individual claims alleged by some of the original Plaintiffs who were not included in a subclass certified for collective action), a single trial involving all of the triable claims will present a number of challenges for the Court and the parties. Rather than try all of the remaining claims in a single proceeding, the Court finds good cause to try the claims separately.

Federal Rule of Civil Procedure 42(b) grants courts the discretion to order separate trials "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). "In determining whether separate trials are appropriate, the court should consider several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)). Separate trials will provide the most convenient, expeditious, and economical means of trying the remaining claims. In light

---

[1] Defendants have filed a Motion for Permission to Respond (ECF No. 408), seeking leave to submit a declaration addressed to the mediation issue. Defendants have attached the declaration to their Motion, and the Court has had an opportunity to review the declaration. The Motion for Permission is **GRANTED**.

2

of the fact that the subclass of dispatchers involves the smallest number of individual claimants (13), the Court finds that trying the collective action claims of the dispatchers will be best use of judicial resources for the first trial. Therefore, the trial will proceed as scheduled on June 24, 2024, only on the claims alleged by the dispatchers and certified for collective action in the Court's May 8, 2024 decertification order.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 5, 2024.