IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK PERRY et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:19-cv-01106-STA-cgc |
| | ) | |
| HARDEMAN COUNTY GOVERNMENT et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING IN PART, DENYING IN PART DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND TESTIMONY REGARDING FLSA VIOLATIONS BARRED BY THE STATUTE OF LIMITATIONS

This is an action for violations of the overtime pay, compensatory time, and anti-retaliation provisions of the Fair Labor Standards Act ("FLSA"). Before the Court is Defendants Hardeman County Government, the Hardeman County Commission, the Hardeman County Sheriff's Office, Mayor Jimmy Sain, and Sheriff Jimmy Doolen's Motion *in Limine* to Exclude Evidence and Testimony Regarding FLSA Violations Barred by the Statute of Limitations (ECF No. 320). Plaintiffs, who are current and former deputies, dispatchers, and jailers employed by the Hardeman County Sheriff's Office, have responded in opposition. For the reasons set forth below, Defendants' Motion is **GRANTED in part, DENIED in part**.

## BACKGROUND

On May 29, 2019, seven Plaintiffs filed the original Complaint in this case, alleging various violations of the FLSA. Three Plaintiffs were investigators employed at the Hardeman County Sheriff's Office (Patrick Perry, Justin Bryant, and Cody Naylor), and three were sheriff's deputies (Chris Wilkerson, Michael Hatch, and Ethan Vasquez). Plaintiff Cheri Baker was a dispatcher

employed jointly by Hardeman County Government, the Hardeman County Sheriff's Office, the

Hardeman County Emergency Communication District, and the City of Bolivar.  As a dispatcher,

Baker was subject to a 40-hour workweek.  Compl. ¶ 129.  All other Plaintiffs were considered

law enforcement and therefore subject to a 43-hour workweek.  *Id*.  All seven Plaintiffs alleged

that Defendants had not paid them for all hours of overtime worked, had not correctly calculated

their hourly rate of pay, and had altered timesheets submitted by Plaintiffs.  *Id*. ¶¶ 97-101.  All

seven Plaintiffs alleged that they received compensatory time in lieu of overtime but that

Defendants had not correctly calculated the amount of compensatory time which they were owed.

*Id.* ¶¶ 105-112.  Beyond these two claims, the original Complaint alleged that Defendants violated

the FLSA as to different Plaintiffs in a number of different ways at different times.

Plaintiffs sought relief for themselves and on behalf of all other similarly situated

employees of the Hardeman County Sheriff's Office.  Since the filing of the initial Complaint,

Plaintiffs have grown in number to include dozens of current and former Hardeman County

Sheriff's Office employees.  In an order dated May 8, 2024, the Court granted Defendants' request

for partial decertification of the collective action claims.  A jury trial is set to begin June 24, 2024.

In their Motion *in Limine*, Defendants ask the Court to exclude from evidence any proof

concerning FLSA violations occurring prior to October 2016.  Defendants argue that if Plaintiffs

can prove that Defendants' violations were willful and therefore avail themselves of the FLSA's

three-year statute of limitations, the Court should measure the limitations period from October 11,

2019, not May 29, 2019.  Defendants reason that Plaintiffs' action did not "commence" until

October 11, 2019, the date on which the Plaintiffs named in the original Complaint filed their

written consent to opt into the FLSA collective action.  Because Plaintiffs' action did not

"commence," as the term is defined in 29 U.S.C. § 256, until they filed their written consent forms,

2

only FLSA claims accruing within three years of October 11, 2019, are timely.  Any proof about FLSA violations occurring before October 11, 2016 is therefore irrelevant.

Plaintiffs have responded in opposition.  Plaintiffs argue that the original Complaint contained detailed allegations stating individual claims for the seven Plaintiffs named in the pleading.  Only after the Complaint alleged the individual claims did it also state collective action claims on behalf of similarly situated Hardeman County Sheriff's Office employees.  Because the original Plaintiffs alleged their own individual claims under the FLSA, their action commenced on the date they filed the original Complaint, May 29, 2019.  Plaintiffs contend the Court should deny Defendants' Motion *in Limine*.

### STANDARD OF REVIEW

A motion *in limine* is a pretrial request "for guidance by the court on an evidentiary question."  *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), usually "that certain inadmissible evidence not be referred to or offered at trial." Black's Law Dictionary (11th ed. 2019).  Under Federal Rule of Evidence 401, "evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  Relevant evidence is admissible unless prohibited by the Constitution, a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court."  Fed. R. Evid. 402.  Irrelevant evidence is inadmissible.  *Id*.

District courts are not required to rule on motions *in limine*.  *Luce*, 713 F.2d at 1239 (citing *New Jersey v. Portash*, 440 U.S. 450, 462 n.1, 99 S.Ct. 1292, 59 L.Ed.2d 501 (1979) (Powell, J. concurring)).  "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984).

3

When a court exercises its discretion and rules on a motion *in limine*, its ruling on admissibility is provisional. *Luce*, 713 F.2d at 1239. The court remains free to change its ruling, "for whatever reason, when the evidence is actually offered and objected to at trial." *Id*.; *see also United States v. Labona*, 689 F. App'x 835, 839 (6th Cir. 2017) ("Moreover, a court is well within its discretion to reverse a pretrial evidentiary ruling to account for the changing dynamics of a trial."). A ruling *in limine* is "no more than a preliminary, or advisory, opinion" that the court may change as "facts may . . . come to the district court's attention which it did not anticipate at the time of its initial ruling." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *Luce*, 713 F.2d at 1239). "The valuable benefit" of a ruling on a motion *in limine* is giving the parties the "ability to prepare trial strategy with knowledge of the court's probable ruling on admissibility." *Luce*, 713 F.2d at 1239–40.

## ANALYSIS

The issue presented is whether evidence of FLSA violations occurring before October 11, 2016, will be relevant at trial to prove Plaintiffs' claims for unpaid overtime and compensatory time. Section 207 of the FLSA prohibits employers from employing any employee "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a). Section 207(k) governs employees "in law enforcement activities (including security personnel in correctional institutions)" and alters the maximum number of hours permitted in a workweek, depending on the length of the "work period" adopted by the public agency. § 207(k). Law enforcement employees are entitled to overtime if (1) their agency adopts "a work period of at least 7 but less than 28 days"; and (2) the officer works more than 43 hours per week. 29 C.F.R. § 553.230; *Brock v. City of Cincinnati*, 236

F.3d 793, 811 (6th Cir. 2001) ("Under the regulations, the maximum number of hours an employer can compensate law enforcement employees for at straight time is 43 hours per week if the employer adopted a work period of either seven or fourteen days . . . .").[1]

Section 216(b) of the FLSA creates a private right of action for violations of § 207 and permits "one or more employees" to recover unpaid overtime compensation by suing an employer "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The Supreme Court has described FLSA cases brought on behalf of similarly situated employees as "collective actions." *Morgan v. Sundance, Inc.*, 142 S.Ct. 1708, 1711 (2022) (describing FLSA actions on behalf of similarly situated employees as a "collective action"). FLSA "collective actions permit individualized claims and individualized defenses, in which aggrieved workers act as a collective of *individual* plaintiffs with *individual* cases." *Canaday v. Anthem Cos., Inc.*, 9 F.4th 392, 403 (6th Cir. 2021) (citing *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1105 (9th Cir. 2018)) (emphasis in original). Unlike class members in actions under Federal Rule of Civil Procedure 23, similarly situated employees join an FLSA collective action by filing notice of their consent to join the action. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

Defendants' Motion *in Limine* does not argue the correct statute of limitations for all of the collective action claims alleged in the original Complaint, just the statute of limitations for the seven Plaintiffs named in the Complaint: Patrick Perry, Justin Bryant, Cody Naylor, Chris

---

[1] As the Court noted in its decertification order, the FLSA also permits a public agency to pay its employees "in lieu of overtime compensation, compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required by" § 207. 29 U.S.C. § 207(k).

Wilkerson, Michael Hatch, Ethan Vasquez, and Cheri Baker.  Defendants posit the filing of the original Complaint on May 29, 2019, did not "commence" Plaintiffs' FLSA action.  The action only commenced after each named Plaintiff also submitted a written consent to join the collective action on October 11, 2019.

The FLSA requires a plaintiff alleging a violation to "commence" suit "within two years after the cause of action accrued."  29 U.S.C. § 255; *Walsh v. KDE Equine, LLC*, 56 F.4th 409, 414 (6th Cir. 2022) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988)).[2]  A plaintiff "commences" an FLSA suit by filing a complaint.  29 U.S.C. § 256.  But when one or more plaintiffs bring a collective action for violations of the FLSA, the suit "commences" for each "individual claimant" on the date when a complaint is filed if (1) the claimant is "specifically named as a party plaintiff in the complaint" and (2) the claimant's "written consent to become a party plaintiff" is also filed with the Court.  § 256(a).  If the claimant is not named in the complaint or he or she has not filed a written consent form, his or her action "commences" "on the subsequent date" when he or she files a written consent.  § 256(b).

The Seventh Circuit and other federal courts have held that § 216(b) authorizes "dual capacity" suits, "in which a plaintiff sues simultaneously as a group representative and as an individual."  *Smith v. Prof. Transp., Inc.*, 5 F.4th 700, 704 (7th Cir. 2021); *see also In re Food*

---

[2] If an employee can show that the employer's violation of the statute was willful, the statute of limitations is three years.  *Walsh*, 56 F.4th at 414.  To make such a showing, an FLSA plaintiff "must prove that the employer 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'"  *Id.* (quoting *McLaughlin*, 486 U.S. at 133, 108 S.Ct. 1677).  The question of whether an employer willfully violated the FLSA is a question of fact for the factfinder.  *Id.* at 416 (citing *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 967 (6th Cir. 1991)).  And as in any case, a statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c); *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012).

*Lion, Inc.*, No. 94-2360 *et seq.*, 151 F.3d 1029, 1998 WL 322682 (4th Cir. June 4, 1998) (unpublished table decision); *Gessele v. Jack in the Box*, Inc., 6 F. Supp. 3d 1141, 1158 (D. Or. 2014); *Smith v. Central Sec. Bureau, Inc.*, 231 F. Supp. 2d 455, 461 (W.D. Va. 2002).

The Court holds that under § 256, Plaintiffs commenced suit in May 2019 in a "dual capacity", bringing individual claims as well as collective action claims.  Here, the original Complaint clearly stated that Plaintiffs brought suit "individually and as part of a collective action, under the FLSA, 29 U.S.C. § 216(b) on behalf of other employees of Defendants who were denied overtime compensation in violation of the Fair Labor Standards Act."  Compl. ¶ 19.  This allegation suffices to give notice that Plaintiffs are acting in a "dual capacity."[3]  Each group of claims "commenced" at two different times: the original Plaintiffs' individual claims on May 29, 2019; and their collective action claims on October 11, 2019.  The seven Plaintiffs commenced their individual FLSA claims on May 29, 2019, by filing a Complaint alleging individual damages.  The initial Complaint alleged a series of FLSA claims and state law claims on behalf of the seven Plaintiffs individually.  This means any evidence related to alleged FLSA violations involving the seven Plaintiffs for the preceding three years (back to May 29, 2016) will be relevant to their individual claims.

The pleading goes on to allege collective action claims on behalf of similarly situated Hardeman County Sheriff's Office employees.  The seven named Plaintiffs filed their signed

---

[3] Another member of this Court has questioned as a matter of statutory interpretation whether the FLSA permits a "dual capacity" suit. *Frye v. Baptist Mem'l Hosp., Inc.*, No. 07-2708, 2011 WL 1595458, at *5 (W.D. Tenn. Apr. 27, 2011).  Judge Mays nevertheless assumed without deciding that § 216(b) permitted filing in a dual capacity as long as the plaintiff's complaint "clearly put the employer and the court on notice of" his intent to file in that capacity. *Id.* (citing *Smith,* 231 F. Supp. 2d at 461); *see also Green v. Platinum Restaurants Mid-Am., LLC*, No. 3:14-cv-439-RGJ, 2020 WL 1452724 (W.D. Ky. Mar. 25, 2020).

written consent forms as a collective exhibit (ECF No. 29-1) to their Amended Complaint on

October 11, 2019.  In fact, the consent forms attached to the Amended Complaint seem to be the

earliest consent forms filed by any of the Plaintiffs in the case.  It follows from this fact that the

seven original Plaintiffs commenced their collective FLSA action as of October 11, 2019.  So only

evidence related to alleged FLSA violations for the preceding three years (back to October 11,

2016) will be relevant to their collective action claims.[4]  Therefore, Defendants' Motion *in Limine*

is **GRANTED in part, DENIED in part**.

      **IT IS SO ORDERED.**

                              **s/ S. Thomas Anderson**
                              S. THOMAS ANDERSON
                              UNITED STATES DISTRICT JUDGE

                              Date:  June 12, 2024.

---

[4] The Court would note here that the Court has granted decertification for any collective action claims alleged by Patrick Perry, Justin Bryant, and Cody Naylor on behalf of similarly situated investigators employed in the Hardeman County Sheriff's Office.  Likewise, the Court has not certified the collective action claims of Michael Hatch and Chris Wilkerson because both former deputies resigned their employment with Hardeman County in 2018 and were not similarly situated to the other deputies who had opted into the collective action.  The point is each of these original Plaintiffs will proceed to trial only on their individual claims.