**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PATRICK D. PERRY et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 1:19-cv-1106-STA-cgc** |
| | ) | |
| **HARDEMAN COUNTY GOVERNMENT,** | ) | |
| **HARDEMAN COUNTY COMMISSION,** | ) | |
| **HARDEMAN COUNTY SHERIFF'S OFFICE,** | ) | |
| **JIMMY SAIN in his individual and official** | ) | |
| **Capacities, AND JOHN DOOLEN in his** | ) | |
| **Official and individual capacities,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER ON JOINT NOTICE OF SETTLEMENT

Before the Court is the parties' Joint Notice of Settlement (ECF No. 432) filed on August 22, 2024. The parties report that they have reached an agreement to settle the collective action claims alleged by a sub-class of former Hardeman County dispatchers. At an August 26, 2024, status conference, counsel reported in open court that the parties had also settled collective action claims of retaliation alleged by another sub-class of Plaintiffs.

Local Rule 83.13(b) requires the parties to any civil action to promptly notify the presiding judge if they reach a settlement. The Rule then gives the parties 28 days to file a final stipulation or motion for dismissal. In Fair Labor Standards Acts cases, the parties must take the additional step of seeking court approval of any settlement agreement. A district court must scrutinize a proposed FLSA settlement for fairness and determine whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*

*ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Steele v. Staffmark Invs., LLC*, 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016) (noting the circuit split over "whether settlements or stipulations of dismissal for FLSA claims require court approval" and the fact that the "Sixth Circuit has yet to rule definitively on the question").   In this analysis, the Court examines three factors: (1) whether the settlement was achieved in an adversarial context, (2) whether the plaintiffs were protected by attorneys who can protect their rights and (3) whether the settlement reflects a fair and reasonable compromise of the issues in dispute. *Lynn's Food Stores*, 679 F.2d at 1354.

Therefore, the parties' motion(s) for approval of their settlements (or request to extend the deadline to file a motion for approval) is due within 28 days of August 26, 2024, that is, no later than September 23, 2024.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 9, 2024

2