IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **PATRICK D. PERRY et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | No. 1:19-cv-1106-STA-cgc |
| ) | |
| **HARDEMAN COUNTY GOVERNMENT,** ) | |
| **HARDEMAN COUNTY COMMISSION,** ) | |
| **HARDEMAN COUNTY SHERIFF'S OFFICE,** ) | |
| **JIMMY SAIN in his individual and official** ) | |
| **Capacities, AND JOHN DOOLEN in his** ) | |
| **Official and individual capacities,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER SETTING PRETRIAL DEADLINES**
**ORDER DENYING PLAINTIFF'S MOTION TO LIMIT WITHOUT PREJUDICE**
**(ECF NO. 430)**

On August 26, 2024, the Court held a status conference with counsel for the parties, in part to discuss the scheduling of the next trial on the collective action claims remaining in this case. The parties have now conferred and filed a status report (ECF No. 435), addressing trial and additional topics in further detail. Based on the parties' submission and consistent with the discussions at the status conference, the Court hereby sets the following deadlines to govern the next phase of the case.

**I.  Trial of the Patrol Deputies' Collective Action Claims**

A jury trial is set on the collective action claims of the patrol deputies for <u>October 21, 2024</u>, 9:30 a.m., Courtroom 1, Jackson, Tennessee. The parties' proposed pretrial order and proposed

jury instructions and verdict form are due <u>Friday, October 4, 2024</u>. A pretrial conference is set for <u>Friday, October 11, 2024</u>, 11:15 a.m., Courtroom 1, Jackson, Tennessee.

The parties have proposed two different plans for trying the patrol deputies' claims. Hardeman County suggests that the Court try only the claims of seven deputies who worked on the first shift. Plaintiffs want to try the collective action claims of all 25 patrol deputies certified for collective action. The Court hereby adopts the following procedure for the trial of the patrol deputies' collective action claims. The Court will bifurcate the trial of the claims into two phases, a liability phase and, if necessary, a damages phase. The liability phase will cover the collective action claims of all 25 members of the patrol deputy subclass and commence on October 21, 2024. If the jury returns a verdict in favor of Plaintiffs on Hardeman County's liability, the Court will then immediately move into the damages phase of the trial but only as to the following seven members of the patrol deputy subclass: James Frazier, Randal Grantham, Jeff Hill, Logan Howell, Vincent Hunt, Mike Kennamore, and Brian Vandiver. Once the damages phase of the trial is complete as to the claims of these seven Plaintiffs, the Court will recess for one week before resuming the damages phase of the trial as to the remaining members of the patrol deputy subclass.

As in any case, the parties should carefully identify which issues are undisputed for trial and thereby streamline what will remain to be decided by a jury. The parties' proposed pretrial order should identify those issues and include a statement of any stipulated facts. The parties' proposed pretrial order should also specify whether Defendants dispute any claims of liability brought by the subclass of patrol deputies and certified for collective action.

II.     **Defendants' Supplementation of the Farias Report**

Plaintiffs argued at the status conference that Defendants have still not supplemented the

2

report of their opinion witness, Dawn Farias.  This was not the first instance in which Plaintiffs brought this issue to the Court's attention.  *See* Pls.' Motion to Limit Expert Testimony Aug. 22, 2024 (ECF No. 430)[1]; Pls.' Mot. to Strike Apr. 22, 2024 (ECF No. 371).  As the Court has noted in a previous ruling, Federal Rule of Civil Procedure 26(e)(2) states that the duty of supplementation for expert reports "extends both to information included in the report and to information given during the expert's deposition" and requires the disclosure of "[a]ny additions or changes" to the information "by the time the party's pretrial disclosures under Rule 26(a)(3) are due."  Fed. R. Civ. P. 26(e)(2).  Rule 26(a)(3) makes pretrial disclosures, including supplements to an expert's report, due at least 30 days before trial. Fed. R. Civ. P. 26(a)(3)(B).

Defendants state in the status report that on September 5, 2024, counsel for Hardeman County overnighted to counsel for Plaintiffs Farias' supplemental calculations for the following Plaintiffs: James Frazier, Randal Grantham, Jeff Hill, Logan Howell, Vincent Hunt, and Mike Kennamore.  Defendants represent that counsel will produce the same calculations for Plaintiff Brian Vandiver during the week of September 9, 2024.  The Court adopts these deadlines and sets <u>September 20, 2024</u>, as the final deadline for Defendants to supplement to Farias' work as to the claims of the 18 remaining patrol deputies.

### III. Dispositive motions

The Court entered an amended scheduling order (ECF No. 262) on August 29, 2022, which set the final deadline for filing dispositive motions as November 18, 2022.  Following a status

---

[1] In their most recent motion addressed to Farias' work (ECF No. 430), Plaintiffs argued that Farias had not provided a timely supplement to her report regarding the claims of the dispatchers who were set for trial on August 26, 2024.  Because the parties have now reached a settlement of those claims and the trial did not proceed as scheduled due to the settlement, Plaintiffs' Motion is **DENIED as moot**.

conference with counsel for the parties on June 8, 2023, the Court extended the dispositive motions deadline to July 21, 2023. Minute Entry June 8, 2023 (ECF No. 299). At the recent status conference, counsel for Defendant Jimmy Sain discussed the possibility of his client filing a motion for summary judgment on Plaintiffs' claims against Sain in his individual capacity. The parties have proposed a truncated briefing schedule for the motion as part of their status report.

Because Defendant's request comes so far outside of the deadline for filing dispositive motions and the next trial is now set for October 21, 2024, the Court will slightly modify the deadlines proposed by the parties. Any Rule 56 motion must be filed by Defendant Jimmy Sain no later than <u>September 18, 2024</u>. Plaintiffs' response will be due on or before <u>October 2, 2024</u>, and Defendant's reply brief will be due by <u>October 9, 2024</u>. Under the circumstances, the Court will not be inclined to extend any of the briefing deadlines, absent a showing of extraordinary cause.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 9, 2024