# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| PATRICK D. PERRY et al., )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>HARDEMAN COUNTY GOVERNMENT, )<br>HARDEMAN COUNTY COMMISSION, )<br>HARDEMAN COUNTY SHERIFF'S OFFICE, )<br>JIMMY SAIN in his individual and official )<br>capacities, )<br>)<br>    Defendants. ) | No. 1:19-cv-1106-STA-cgc |

## ORDER GRANTING MOTION TO APPROVE RESOLUTION OF PRO SE PLAINTIFF LINDSEY A. BOLTON'S FLSA AND STATE LAW CLAIMS (ECF NO. 477)

Plaintiff Lindsey A. Bolton ("Plaintiff") brings this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, and various state law claims. Plaintiff and Defendants (together "the Parties") now jointly seek an order granting their Joint Motion to Approve Settlement Agreement and Incorporated Memorandum in Support of Joint Motion for Claims of Plaintiff Lindsey A. Bolton, Pro Se. (ECF No. 477.)  In addition to the Joint Motion, Plaintiff has also submitted a Rule 72 Declaration setting forth Plaintiff's reasons for settling Plaintiff's claims and stating Plaintiff's opinion that the settlement amount is fair and reasonable. (ECF No. 477-3)(Exhibit Three)(Declaration of Lindsey A. Bolton). For the following reasons, the Court **GRANTS** the Motion.

A district court must scrutinize a proposed FLSA settlement for fairness, and determine whether it is a "fair and reasonable resolution of a … [good faith] … dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350,

1355 (11th Cir. 1982); *Nutting v. Unilever Mfg. (U.S.) Inc.*, No. 2:14-cv-02239, 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014). In this analysis, the Court examines three factors: (1) whether the settlement was achieved in an adversarial context, (2) whether the plaintiffs were protected by attorneys who can protect their rights and (3) whether the settlement reflects a fair and reasonable compromise of the issues in dispute. *Lynn's Food Stores*, 679 F.2d at 1354.

Based on a review of the Parties' submissions in this case, the Court finds that the proposed Settlement Agreement is a fair and reasonable settlement of a good-faith FLSA dispute for back pay, comp time, overtime pay and all accompanying state law claims for unpaid accrued and unused leave pay balances. Plaintiff had counsel representation until September 16, 2024. (See ECF No. 451) Plaintiff, as an individual plaintiff, decided that she desired to settle her claims and not proceed to trial. (ECF No. 477-3)(Exhibit Three)(Declaration of Lindsey A. Bolton) Plaintiff on her own approached non-attorney representatives of Defendants to settle his case. (Id.) The amount of the settlement is a reasonable and fair compromise of the damages sought by Plaintiff as set for the in her former counsel's Plaintiff's Supplemental FRCP 26 Supplemental Disclosures (ECF No. 368) and Defendants' expert witness estimate of Plaintiff's damages (ECF No. 477-2) (Exhibit Two) Plaintiff and non-attorney representatives on their own reached the settlement amount of $11,587.24. (ECF No. 477-3)(Exhibit Three)(Declaration of Lindsey A. Bolton) Both Plaintiff and Defendants have had representation by experienced labor and employment counsel. The agreed-upon resolution represents a fair and reasonable settlement of the FLSA claims and the accrued leave pay claims of Plaintiff given the significant factual disputes in the case and the uncertainty associated with proceeding to trial.

For the foregoing reasons, the Court **GRANTS** the Joint Motion and accordingly, the Plaintiff's claims against Defendants are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

                                            **s/ S. Thomas Anderson**
                                            S. THOMAS ANDERSON,
                                            UNITED STATES DISTRICT JUDGE

                                            Date: October 17, 2024