IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **PATRICK D. PERRY et al.,**        ) | |
| ) | |
| Plaintiffs,         ) | |
| v.                            ) | No. 1:19-cv-1106-STA-cgc |
| ) | |
| **HARDEMAN COUNTY GOVERNMENT,**  ) | |
| **HARDEMAN COUNTY COMMISSION, and**  ) | |
| **JIMMY SAIN in his individual and official**  ) | |
| **Capacities,**                ) | |
| ) | |
| Defendants.       ) | |

**ORDER GRANTING DEFENDANT JIMMY SAIN'S MOTION FOR ENTRY OF JUDGMENT**
**ORDER GRANTING COUNSEL'S MOTION TO BE EXCUSED**

Before the Court is Defendant Jimmy Sain's Motion for Entry of Judgment (ECF No. 502) filed November 5, 2024. Also included in the filing is counsel for Sain's separate request to be excused from attending further proceedings. By way of background, the Court granted the parties' motion to approve their settlement of certain retaliation claims in an order dated September 25, 2024, and then granted Sain summary judgment on each of the remaining claims against him in an order dated October 22, 2024. The Court has certified in part certain collective action claims alleged by Plaintiffs Patrick D. Perry et al. for the violation of the Fair Labor Standards Act. Because the parties have settled some claims and the Court has granted Sain judgment as a matter of law on other claims against him, Sain now seeks the entry of a separate judgment in his favor while the remaining claims against Hardeman County proceed to trial.

1

PageID 6017

Federal Rule of Civil Procedure 54(b) permits a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Rule permits a district court to "certify a partial grant of summary judgment for immediate appeal if the court 'expressly determines that there is no just reason for delay.'" *Carpenter v. Liberty Ins. Corp.*, 850 F. App'x 351, 353 (6th Cir. 2021) (quoting Fed. R. Civ. P. 54(b)). And so certification under Rule 54(b) has two steps: (1) "the district court must expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case[;]" and (2) "the district court must expressly determine that there is no just reason to delay appellate review." *In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 273 (6th Cir. 2019) (quoting *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994)).

The Sixth Circuit has remarked that "Rule 54(b) is not to be used routinely, or as a courtesy or accommodation to counsel." *Carpenter*, 850 F. App'x at 355 (quoting *Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d 1279, 1282–83 (6th Cir. 1986)). Rather, "Rule 54(b) represents an exception to 'the historic federal policy against piecemeal appeals.'" *In re Fifth Third*, 925 F.3d at 273 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)). And the Sixth Circuit has said that Rule 54(b) justifies only "infrequent" and "occasional departures" from this federal policy. *See Carpenter*, 850 F. App'x at 353, 355.

In this Circuit, courts consider the following "nonexhaustive list of factors" to decide whether to certify a claim under Rule 54(b): (1) "the relationship between the adjudicated and unadjudicated claims"; (2) "the possibility that the need for review might or might not be mooted by future developments in the district court"; (3) "the possibility that the reviewing court might be obliged to consider the same issue a second time"; (4) "the presence or absence of a claim or

2

counterclaim which could result in set-off against the judgment sought to be made final"; (5) "miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Carpenter*, 850 F. App'x at 355 (quoting *Corrosioneering*, 807 F.2d at 1282–83).

Sain argues that each factor is met in this case. According to Sain's certificate of consultation, none of the other parties to the action oppose the entry of a separate judgment on Plaintiffs' claims against Sain. In point of fact, Plaintiffs settled their retaliation claims against Sain, and the Court has granted approval to the settlement. Plaintiff have also waived their claims against Sain under Tennessee law. The only issue contested in Sain's Rule 56 motion was whether Sain met the FLSA's definition of an "employer" under the facts of the case. The Court held that Sain did not. The Court's holding about Sain's status as Plaintiffs' employer is separate and distinct from the claims left for trial and questions of fat that must be decided by a jury as to each subset of Plaintiffs which the Court has certified for collective action.

For good cause shown then, Sain's Motion is **GRANTED**. The Clerk is directed to enter a separate judgment on Plaintiffs' claims against Sain pursuant to the Court's October 22, 2024 order granting Sain's motion for summary judgment (ECF No. 495) and the Court's September 25, 2024 order granting the parties' motion to approve Plaintiffs' settlement agreement with Sain (ECF No. 462). Likewise, counsel's request to be excused from the remaining pretrial proceedings and trial proceedings is **GRANTED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 6, 2024