**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| **PATRICK D. PERRY et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 1:19-cv-1106-STA-cgc** |
| | ) | |
| **HARDEMAN COUNTY GOVERNMENT and** | ) | |
| **HARDEMAN COUNTY COMMISSION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER ON NOTICE OF SETTLEMENT, ORDER CONTINUING TRIAL, AND
ORDER DENYING PENDING MOTIONS AS MOOT**

Before the Court is the parties' Notice of Settlement (ECF No. 521) filed November 14, 2024. The parties report that they have reached an agreement to resolve their dispute in full. Counsel for Defendants subsequently contacted the Court to advise that the Hardeman County Commission had given its approval to the settlement at a special meeting on the evening of November 14, 2024.

Local Rule 83.13(b) requires the parties to any civil action to promptly notify the presiding judge if they reach a settlement. The Rule then gives the parties 28 days to file a final stipulation or motion for dismissal. In Fair Labor Standards Acts cases, the parties must take the additional step of seeking court approval of any settlement agreement. A district court must scrutinize a proposed FLSA settlement for fairness and determine whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Steele v. Staffmark Invs., LLC*, 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016) (noting the circuit split over "whether settlements

or stipulations of dismissal for FLSA claims require court approval" and the fact that the "Sixth Circuit has yet to rule definitively on the question"). In this analysis, the Court examines three factors: (1) whether the settlement was achieved in an adversarial context, (2) whether the plaintiffs were represented by attorneys who can protect their rights and (3) whether the settlement reflects a fair and reasonable compromise of the issues in dispute. *Lynn's Food Stores*, 679 F.2d at 1354. The parties' motion(s) for approval of their settlement(s) (or any request to extend the deadline to file a motion for approval) is due within 28 days of November 15, 2024, that is, no later than December 13, 2024.

In light of the settlement, the jury trial currently set for Monday, November 18, 2024, is hereby continued.  The parties' settlement has also rendered a series of pending motions moot: Plaintiffs' Motion for Sanctions (ECF No. 379) against Hardeman County Commissioner Brad Grantham, Defendant Hardeman County Government's Motion to Strike (ECF No. 412), Plaintiffs' Motion for Sanctions (ECF No. 439) against Hardeman County Government, and Defendants' Motion to Enforce Settlement (ECF No. 478).  The Court **DENIES** the Motions as moot.

      **IT IS SO ORDERED.**

                       **s/ S. Thomas Anderson**
                       S. THOMAS ANDERSON
                       UNITED STATES DISTRICT JUDGE

                       Date: November 15, 2024