IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| PATRICK D. PERRY et al.,       ) | |
|                                            ) | |
|       Plaintiffs,                   ) | |
| v.                                              ) | No. 1:19-cv-1106-STA-cgc |
|                                            ) | |
| HARDEMAN COUNTY GOVERNMENT and   ) | |
| HARDEMAN COUNTY COMMISSION,       ) | |
|                                            ) | |
|      Defendants.                  ) | |

ORDER APPROVING RESOLUTION OF PRO SE PLAINTIFF
CHAD WOODEN'S FLSA AND STATE LAW CLAIMS (ECF NO. 553)

Plaintiff Chad Wooden ("Plaintiff") brings this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, and various state law claims. Plaintiff and Defendants (together "the Parties") now jointly seek an order granting their Joint Motion to Approve Settlement Agreement (ECF No. 553) and Incorporated Memorandum in Support of Joint Motion for Claims of Plaintiff Chad Wooden, Pro Se. In addition to the Joint Motion, Plaintiff has also submitted a Rule 72 Declaration setting forth Plaintiff's reasons for settling Plaintiff's claims and stating Plaintiff's opinion that the settlement amount is fair and reasonable. Exhibit Two, Declaration of Chad Wooden (ECF No. 553-2). For the following reasons, the Court **GRANTS** the Motion.

A district court must scrutinize a proposed FLSA settlement for fairness and determine whether it is a "fair and reasonable resolution of a … [good faith] … dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Nutting v. Unilever Mfg. (U.S.) Inc.*, No. 2:14-cv-02239, 2014 WL

2959481, at *3 (W.D. Tenn. June 13, 2014). In this analysis, the Court examines three factors: (1) whether the settlement was achieved in an adversarial context, (2) whether the plaintiffs were protected by attorneys who can protect their rights and (3) whether the settlement reflects a fair and reasonable compromise of the issues in dispute. *Lynn's Food Stores*, 679 F.2d at 1354.

Based on a review of the Parties' submissions in this case, the Court finds that the proposed Settlement Agreement is a fair and reasonable settlement of a good-faith FLSA dispute for back pay, comp time, overtime pay and all accompanying state law claims for unpaid accrued and unused leave pay balances. Plaintiff had counsel representation until November 14, 2024. *See* ECF No. 522. Plaintiff, as an individual plaintiff, decided that he desired to settle his claims and not proceed to trial. Exhibit Two, Declaration of Chad Wooden (ECF No. 553-2). After seeing her settlement number in the local newspaper, Plaintiff met with a non-attorney representatives of Defendants to settle his individual claims. *Id.* The amount of the settlement is a reasonable and fair compromise of the damages sought by Plaintiff as set forth in his former counsel's Plaintiff's Supplemental FRCP 26 Supplemental Disclosures (ECF No. 368). Plaintiff ceased working for the Hardeman County Sheriff's Office and wanted to resolve the case for work, personal, and family reasons. Wooden Decl. Plaintiff is of the opinion that his settlement is fair and reasonable. *Id.* Plaintiff and Hardeman County's non-attorney representative completed his settlement for $5,480.04. Both Plaintiff and Defendants have had representation by experienced labor and employment counsel.

Upon the court having been notified that Hardeman County paid $5,480.04 on October 25, 2024, to settle the FLSA claims and $5,604.94 on November 22, 2024, for Plaintiff's accrued leave bank payout, the agreed-upon resolution represents a fair and reasonable settlement of the FLSA

and accrued leave hour claims of Plaintiff given the significant factual disputes in the case and the uncertainty associated with proceeding to trial.

For the foregoing reasons, the Court **GRANTS** the Joint Motion and accordingly, the Plaintiff's claims against Defendants are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 27th day of May, 2025.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE