IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| PATRICK D. PERRY et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 1:19-cv-1106-STA-cgc |
| HARDEMAN COUNTY GOVERNMENT and HARDEMAN COUNTY COMMISSION, | ) |
| Defendants. | ) |

**ORDER APPROVING RESOLUTION OF PRO SE PLAINTIFF WESLEY ESTES' FLSA AND STATE LAW CLAIMS (ECF NO. 560)**

Plaintiff Wesley Estes ("Plaintiff") brings this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, and various state law claims. Plaintiff and Defendants (together "the Parties") now jointly seek an order granting their Joint Motion to Approve Settlement Agreement (ECF No. 560) and Incorporated Memorandum in Support of Joint Motion for Claims of Plaintiff Wesley Estes, Pro Se. In addition to the Joint Motion, Plaintiff has also submitted a Rule 72 Declaration setting forth Plaintiff's reasons for settling Plaintiff's claims and stating Plaintiff's opinion that the settlement amount is fair and reasonable. Ex. 3, Declaration of Wesley Estes (ECF No. 560-3). For the following reasons, the Court **GRANTS** the Motion.

A district court must scrutinize a proposed FLSA settlement for fairness and determine whether it is a "fair and reasonable resolution of a … [good faith] … dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Nutting v. Unilever Mfg. (U.S.) Inc.*, No. 2:14-cv-02239, 2014 WL

1

2959481, at *3 (W.D. Tenn. June 13, 2014). In this analysis, the Court examines three factors: (1) whether the settlement was achieved in an adversarial context, (2) whether the plaintiffs were protected by attorneys who can protect their rights and (3) whether the settlement reflects a fair and reasonable compromise of the issues in dispute. *Lynn's Food Stores*, 679 F.2d at 1354.

Based on a review of the Parties' submissions in this case, the Court finds that the proposed Settlement Agreement is a fair and reasonable settlement of a good-faith FLSA dispute for back pay, comp time, overtime pay and all accompanying state law claims for unpaid accrued and unused leave pay balances. Plaintiff had counsel representation until November 14, 2024. *See* ECF No. 522. Plaintiff, as an individual plaintiff, decided that he desired to settle his claims and not proceed to trial.  Estes Decl.  Plaintiff on his own talked to a non-attorney representative about settling his case. *Id.*  The amount of the settlement is a reasonable and fair compromise of the damages sought by Plaintiff as set forth in his former counsel's Plaintiff's Supplemental FRCP 26 Supplemental Disclosures (ECF No. 368) and Defendants' expert witness estimate of Plaintiff's damages (ECF No. 560-2). Plaintiff and non-attorney representatives on their own agreed on the settlement amount of $4,694.72.  Estes Decl.  Plaintiff ceased working for the Hardeman County Sheriff's Office in July 2024 and wanted to resolve his claims for work, personal, and family reasons. *Id*.  Plaintiff has been paid $6,135.55 for his accrued unused comp, vacation, and holiday hours due him at the end of his employment by check dated August 2, 2024. *Id*.  Both Plaintiff and Defendants have had representation by experienced labor and employment counsel.  Upon the Court having been notified that Hardeman County paid $4,694.72, by checks dated October 25, 2024, to settle the FLSA claims and had previously paid $6,135.55 by check dated August 2, 2024, for accrued unused comp, vacation, and holiday hours, the agreed-upon resolution represents a fair

2

and reasonable settlement of the FLSA claims and the accrued leave pay claims of Plaintiff given the significant factual disputes in the case and the uncertainty associated with proceeding to trial.

For the foregoing reasons, the Court **GRANTS** the Joint Motion and accordingly, the Plaintiff's claims against Defendants are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 27th day of May, 2025.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE