IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| PATRICK D. PERRY et al.,   ) | |
| ) | |
| Plaintiffs,   ) | |
| v.   ) | No. 1:19-cv-1106-STA-cgc |
| ) | |
| HARDEMAN COUNTY GOVERNMENT and   ) | |
| HARDEMAN COUNTY COMMISSION,   ) | |
| ) | |
| Defendants.   ) | |

ORDER APPROVING RESOLUTION OF PRO SE PLAINTIFF TOMMIE WOODS'
FLSA AND STATE LAW CLAIMS (ECF NO. 557)

Plaintiff Tommie Woods ("Plaintiff") brings this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, and various state law claims. Plaintiff and Defendants (together "the Parties") now jointly seek an order granting their Joint Motion to Approve Settlement Agreement (ECF No. 557) and Incorporated Memorandum in Support of Joint Motion for Claims of Plaintiff Tommie Woods, Pro Se. In addition to the Joint Motion, Plaintiff has also submitted a Rule 72 Declaration setting forth Plaintiff's reasons for settling Plaintiff's claims and stating Plaintiff's opinion that the settlement amount is fair and reasonable. Ex. 3, Declaration of Tommie Woods (ECF No. 557-3). For the following reasons, the Court **GRANTS** the Motion.

A district court must scrutinize a proposed FLSA settlement for fairness and determine whether it is a "fair and reasonable resolution of a … [good faith] … dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Nutting v. Unilever Mfg. (U.S.) Inc.*, No. 2:14-cv-02239, 2014 WL

1

2959481, at *3 (W.D. Tenn. June 13, 2014). In this analysis, the Court examines three factors: (1) whether the settlement was achieved in an adversarial context, (2) whether the plaintiffs were protected by attorneys who can protect their rights and (3) whether the settlement reflects a fair and reasonable compromise of the issues in dispute. *Lynn's Food Stores*, 679 F.2d at 1354.

Based on a review of the Parties' submissions in this case, the Court finds that the proposed Settlement Agreement is a fair and reasonable settlement of a good-faith FLSA dispute for back pay, comp time, overtime pay and all accompanying state law claims for unpaid accrued and unused leave pay balances. Plaintiff had counsel representation until November 14, 2024. *See* ECF No. 522. Plaintiff, as an individual plaintiff, decided that he desired to settle his claims and not proceed to trial. Woods Decl. Plaintiff, as an individual plaintiff, decided that he desired to settle his claims and not proceed to trial. *Id*. After seeing his settlement number in the local newspaper, Plaintiff met with a non-attorney representative of Defendants to settle his individual claims. *Id*. The amount of the settlement is a reasonable and fair compromise of the damages sought by Plaintiff as set forth in his former counsel's Plaintiff's Supplemental FRCP 26 Supplemental Disclosures (ECF No. 368), and Defendants' expert witness estimate of Plaintiff's damages (ECF No. 557-2), since Plaintiff did not know what he was owed and had personal reasons for settling his claims. Woods Decl. Hardeman County paid Plaintiff the $9,843.98 settlement amount by checks dated November 8, 2024. *Id*. Hardeman County paid Plaintiff by check dated January 17, 2025, $12,788.88 for 487 accrued unused leave hours at a rate of pay of $26.24 per hour. *Id*. Hardeman County paid Plaintiff $13,169.68 for 500.75 accrued unused leave hours at a rate of pay of $26.24 per hour. Plaintiff and non-attorney representatives on their own agreed on the settlement amount of $8943.98. Woods Decl. Both Plaintiff and Defendants have had representation by experienced labor and employment counsel.

Upon the court having been notified that Hardeman County paid $8,943.98 on November 8, 2024 to settle the FLSA claims and $12,778.88 and $13,139.68 on January 17 and 31, 2025, respectively, for Plaintiff's accrued leave bank payout, the agreed-upon resolution represents a fair and reasonable settlement of the FLSA and accrued leave hour claims of Plaintiff given the significant factual disputes in the case and the uncertainty associated with proceeding to trial.

For the foregoing reasons, the Court **GRANTS** the Joint Motion and accordingly, the Plaintiff's claims against Defendants are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 27th day of May, 2025.

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE