IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| PATRICK D. PERRY et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 1:19-cv-1106-STA-cgc |
| ) | |
| HARDEMAN COUNTY GOVERNMENT and ) | |
| HARDEMAN COUNTY COMMISSION, ) | |
| ) | |
| Defendants. ) | |

### ORDER DENYING PLAINTIFFS' MOTION TO QUASH

Before the Court is Plaintiffs' Motion to Quash (ECF No. 575) filed July 3, 2025. Defendant Hardeman County has responded in opposition, and Plaintiffs have filed a reply. For the reasons set forth below, the Motion is **DENIED**.

### BACKGROUND

On February 27, 2025, the Court granted in part and denied in part Defendant's second motion to enforce the parties' settlement in this matter. *See* Order Granting in Part, Denying in Part Def.'s Second Mot. to Enforce Settlement, Order Approving Settlement, Order Setting Deadline for Plaintiffs' Motion for Attorney's Fees and Costs, Feb. 27, 2025 (ECF No. 534). As part of its ruling, the Court gave counsel for Plaintiffs 28 days to file their request for attorney's fees and costs. Counsel for Plaintiffs filed their Motion for Attorney's Fees and Costs (ECF Nos. 543, 544) on April 28, 2025. Counsel seeks an award of fees in the amount of $4,827,410.50 and $46,480.98 in costs. Defendants' response to Plaintiffs' Motion for Attorney's Fees and Costs is currently due July 31, 2025.

1

Plaintiffs now ask the Court to quash a subpoena Defendants issued to third-party Southern States Police Benevolent Association ("SSPBA"). According to a declaration from counsel for Plaintiffs William C. Sessions, III, "[t]he SSPBA is a non-profit organization headquartered in McDonough, [Georgia], that serves to assist law enforcement officers with issues that arise out of or during the performance of their duties as law enforcement officers." Sessions Decl. ¶ 4 (ECF No. 575-2). Defendant Hardeman County caused the subpoena to issue on June 11, 2025. The subpoena commands SSPBA to produce the following: "All paper and electronically stored records or documents from 01/01/19 to present concerning former/present SSPBA members presently/formerly employed by Hardeman County/Hardeman county Sheriff's Office and represented by William or Boo Sessions at Heaton and Moore; Eskins, King and Marney; or Sessions Law Firm." R. 45 Subpoena (ECF No. 575-3). SSPBA served Defendant with objections to the subpoena on June 20, 2025. SSPBA asserted that Defendant's subpoena was unduly burdensome and likely required the production of material protected by the attorney-client privilege.

Plaintiffs argue that the Court should quash the subpoena for three reasons. First, Defendant caused the subpoena to issue after the discovery deadline had passed. The discovery period ended on October 21, 2022. Defendant has not shown good cause for its failure to propound the discovery before the discovery phase of the case closed or why the Court should reopen discovery now, particularly in light of the fact the parties have settled their dispute.

Second, Defendant seeks the information from SSPBA for the purpose of discovering whether the organization paid for any portion of Plaintiffs' legal fees in the case. Plaintiffs concede that 10 Plaintiffs were members of SSPBA at the time the parties reached their settlement. Counsel for Plaintiffs acknowledges in a declaration (ECF No. 581-1) submitted with Plaintiffs' reply brief

2

that SSPBA has paid approximately six percent (6%) of Plaintiffs' legal fees in this matter. Sessions Decl. ¶ 4 (ECF No. 581-1) ("To date, in this matter, SSPBA has advanced monies for expenses and fees that total less than 6% of the total amount of expenses and fees incurred."). And yet Defendant deposed several Plaintiffs during the course of discovery and received testimony about the fact that those Plaintiffs were SSPBA members. Plaintiffs argue that this was enough to require Defendant to obtain before now discovery related to attorney's fees SSPBA may have paid on behalf of its members. Counsel for Plaintiffs has averred as part of the Motion that he was never retained by SSPBA to bring suit against Defendant on behalf of SSPBA or any individual member of SSPBA. Sessions Decl. ¶ 11 (ECF No. 575-2) ("[SS]PBA never hired me to sue [Defendant] on behalf of SSPBA members. I was not and have not been retained by SSPBA to file a FLSA lawsuit on behalf of Perry and Bryant, or any other SSPBA member, against [Defendant].").[1]

Third and finally, Plaintiffs argue that Defendant's subpoena seeks the production of information protected by the attorney-client privilege. Again, according to Mr. Sessions, the discovery sought from SSPBA will contain his "mental impressions, conclusions, legal theories, reports, strategy and attorney work product" on behalf of the 10 Plaintiffs who are SSPBA members. Plaintiffs argue that none of this privileged information is relevant to the reasonableness or the amount of attorney's fees to which Plaintiffs are entitled. Therefore, Plaintiffs ask the Court to quash Defendant's subpoena.

---

[1] Plaintiffs argue that Defendant is essentially attempting to raise for the first time the affirmative defenses of setoff and contribution but without actually pleading the defenses as part of its answer. As part of its response, Defendant disclaims that it intends to raise any new affirmative defenses. Defendant rejects this notion in its response brief. Based on Defendant's concession, the Court finds no reason to consider this issue further.

Defendant has responded in opposition to the Motion to Quash. Defendant argues that the general Rule 16(b) case management deadline for completing discovery does not apply to discovery related to attorney's fees. Defendant next argues that no attorney-client relationship exists between counsel for Plaintiffs and SSPBA. None of the time entries submitted by counsel for Plaintiffs asserts the existence of a privilege, and Plaintiffs have not prepared a privilege log to document whether Plaintiffs withheld any material from the fee requests on the basis of privilege. Defendant also maintains that SSPBA has relevant information in its possession. According to a declaration from counsel for Defendant (ECF No. 576-3), the SSPBA's Assistant Director of Legal Services Dale Preiser informed counsel that the SSPBA has paid Plaintiffs' attorneys for providing legal services to SSPBA-member Plaintiffs in this case. The fact that SSPBA has paid a portion of Plaintiffs' legal fees is therefore relevant to counsel for Plaintiffs' Motion for Attorney's Fees and their request that the Court order Defendant to satisfy an award of attorney's fees.

## ANALYSIS

The issue presented is whether the Court should quash a subpoena issued to a third party to discover information about the third party's partial payment of attorney's fees and costs. Under Rule 45, on timely motion, the court "must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Defendant's use of a Rule 45 subpoena to obtain discovery at this late stage of the case comes far outside of the deadline for completing discovery. "[A] subpoena issued pursuant to Federal Rule of Civil Procedure 45 is considered to be a discovery device in the Sixth Circuit, and accordingly, must adhere to the deadlines of a court's scheduling order." *Equal Employment*

*Opportunity Comm'n v. Am. Med. Response*, No. 2:17-cv-02725-MSN-tmp, 2019 WL 396805, at *2 (W.D. Tenn. Jan. 2, 2019) (quoting *Allstate Ins. Co. v. Papanek*, 309 F. Supp. 3d 511, 514 (S.D. Ohio 2018)).  When a party seeks to conduct discovery after the deadline has passed, that party must seek a modification of the scheduling order by demonstrating good cause under Rule 16. Fed. R. Civ. P. 16(b) (stating that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge"). Good cause exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension."  Fed. R. Civ. P. 16 advisory committee notes (1983).

Despite the fact that discovery closed more than two years ago, the Court finds that Defendant has shown good cause to obtain discovery from SSPBA.  This is a case where "*limited discovery*" concerning attorney's fees is "appropriate."  *Bagi v. City of Parma, Ohio*, 795 F. App'x 338, 344 (6th Cir. 2019) (emphasis added). Plaintiffs have shown that Defendant learned about the membership certain Plaintiffs held in the SSPBA and that Defendant did not act to request the discovery from SSPBA before the end of the discovery period. Nevertheless, counsel for Plaintiffs request an award of over $4.8 million in attorney's fees.  Defendant's subpoena seeks the production of documents from SSPBA which would apparently reveal how much in attorney's fees and costs SSPBA has paid on behalf of its members who are Plaintiffs in this suit and who have been represented by Mr. Sessions in this matter.  Both sides have given evidence that SSPBA has paid for a portion, albeit a small one, of Plaintiffs' fees, making SSPBA records about those payments relevant to the question of an award of attorney's fees.  The Court would add that Mr. Sessions has stated in his declaration that he is bound to reimburse the SSPBA for any fees he may recover and for which the SSPBA has already paid him. Sessions Decl. ¶ 3 (ECF No. 581-1) ("The agreement between myself and SSPBA, sets forth that SSPBA is to be reimbursed in full for any

5

expenses or fees advanced in this matter."). Be that as it may, the records requested by Defendant are relevant and appear to be discoverable.

Plaintiffs argue though that some of the information within the scope of the subpoena may contain material protected by the attorney-client privilege. Rule 45 permits the Court to quash a subpoena that seeks the disclosure of "privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii); *see also* Fed. R. Civ. P. 26(b)(5)(A) (permitting a party to withhold "information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material . . . ."). Assuming without deciding that Plaintiffs have standing to assert the attorney-client privilege for records and information held by a third party and that no waiver of the privilege has occurred, the Court's ruling here is without prejudice to SSPBA's right to assert that any information sought by the subpoena is privileged and to withhold the privileged information in a manner consistent with Rule 26. Therefore, Plaintiffs' Motion to Quash is **DENIED**.

  **IT IS SO ORDERED.**

                 s/ S. Thomas Anderson
                 S. THOMAS ANDERSON
                 UNITED STATES DISTRICT JUDGE

                 Date: July 22, 2025